UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROMERO, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1884 GEB DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Before the court is plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and recommends his motion to proceed in forma pauperis be denied and plaintiff be required to pay the filing fee if he wishes to proceed with this action.

## IN FORMA PAUPERIS STATUTE

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

### HAS PLAINTIFF ACCRUED THREE STRIKES?

Plaintiff has previously been found to have accrued three strikes. In Williams v. Just, No. 2:15-cv-2143 WBS CKD P, 2016 WL 740531 (E.D. Cal. Feb. 25, 2016), rep. and reco. adopted, No. 15-cv-2143 (E.D. Cal. June 15, 2016), the court held that plaintiff suffered three strikes, did not meet the imminent danger exception, and must pay the filing fee to proceed. On appeal, the Ninth Circuit held the district court had properly revoked plaintiff's in forma pauperis status "because at the time Williams filed the complaint, he had filed three actions that qualified as 'strikes,' and he did not plausibly allege that he was 'under imminent danger of serious physical injury' at the time he lodged the complaint. Williams v. Just, 696 F. App'x 261, 261-62 (9th Cir. 2017). Accordingly, this court should also find plaintiff has accrued three strikes under 28 U.S.C. § 1915(g).

### IS PLAINTIFF IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?

Because plaintiff has accrued three strikes, this court finds that plaintiff should be precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some

earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint filed September 11, 2017. (ECF No. 1.) Plaintiff alleges that in March 2015 defendants used excessive force when they refused to open a mechanical door which had closed on him and were deliberately indifferent to his medical needs when they denied him medical care. As relief, plaintiff seeks compensatory and punitive damages. (Id. at 3-6.)

Plaintiff does not make any allegation that there was a real and proximate threat to his physical safety at the time he filed his complaint. See Andrews, 493 F.3d at 1053 (citing Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002); Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001)). Therefore, plaintiff fails to meet the imminent danger exception to § 1915(g). Plaintiff should only be permitted to proceed with this action if he pays the filing fee.

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $400 filing fee to proceed in this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 26, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/will1884.3 strikes fr