UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:17-cv-1884 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| ROMERO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff seeks an order directing the U.S. Marshal to serve process in this case. For the reasons set forth below, the court will grant plaintiff's motion.

**BACKGROUND**

Plaintiff filed this action in September 2017. Plaintiff alleges defendants subjected him to excessive force and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. On March 5, 2018, the court denied plaintiff's motion to proceed in forma pauperis because plaintiff had accrued "three strikes" under 28 U.S.C. § 1915(g). On March 27, 2018, plaintiff paid the filing fee to proceed with this case.

In an order filed April 6, 2018, the court informed plaintiff that he must complete service of process in accordance with Federal Rule of Civil Procedure 4 within sixty days. (ECF No. 13.) Plaintiff was provided with summonses for purposes of service of process.

1

On May 29, 2018, plaintiff moved the court for an order directing the U.S. Marshal to effect service for him under Rule 4(c)(3). Plaintiff argued that because he is indigent, he is unable to pay the $120 fee required by the Sheriff's office to serve the summonses and complaint. (ECF No. 19.) In addition, plaintiff argued that being incarcerated makes effecting service more difficult. Noting that plaintiff did not appear to have attempted to secure a waiver of service under Rule 4(d), the court denied plaintiff's motion without prejudice. (ECF No. 20.)

On July 18, 2018, plaintiff filed a renewed motion for assistance in serving his complaint. (ECF No. 23.) Plaintiff stated that he sent waivers of service to defendants on June 14, 2018. He attached a copy of the waiver request he sent. However, plaintiff did not explain whether he followed all the requirements of Rule 4(d). The court then gave plaintiff an opportunity to show that he (1) sent a separate notice, two waiver forms, a copy of the complaint, and a stamped envelope to each individual defendant; and (2) provided each defendant with a copy of the appropriate Waiver of Service of Summons form. (ECF No. 24.)

In an August 20 addendum to his motion, plaintiff described his attempt to obtain waivers. (ECF No. 27.) However, the court again found plaintiff's attempt inadequate. (ECF No. 28.) Plaintiff was given another opportunity to obtain waivers. Plaintiff filed a second addendum to his motion on September 21, 2018. (ECF No. 30.) Plaintiff explained that in June he had sent the wrong notice and wrong waivers of service forms. He stated that on August 16, he sent the correct notice and waiver forms. He told defendants they had ten days to return the waiver forms.

**SERVICE BY THE UNITED STATES MARSHAL**

Under Federal Rule of Civil Procedure 4(c)(2), "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." At a plaintiff's request, the court may direct that service be made "by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). If the plaintiff is proceeding in forma pauperis or as a seaman, service by the United States Marshals Service is mandatory. Id. If the plaintiff is not proceeding in forma pauperis or as a seaman, the decision falls within the discretion of the court. Id.; accord Bax v. Executive Office for U.S. Attorneys, 216 F.R.D. 4 (D. D.C. 2003).

"In exercising this discretion, courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'" Bax, 216 F.R.D. at 4 (quoting Lovelace v. Acme Mkts., Inc., 820 F.2d 81, 83 (3d Cir. 1987)); see also Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir. 1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[ ] servi[ce]" in private civil actions). "Accordingly, courts have held that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4." Bax, 216 F.R.D. at 4. Service by a United States Marshal is also appropriate in circumstances where a plaintiff is incarcerated or where a law enforcement presence appears necessary to keep the peace. Beverly Reid O'Connell, et al., Fed. Civ. Pro. Before Trial ¶ 5:83 (The Rutter Group 2018).

Here, plaintiff is not proceeding in forma pauperis and is not a seaman. Therefore, the court has the discretion to determine whether service by the United States Marshals Service is appropriate. See Fed. R. Civ. P. 4(c)(3).

Plaintiff is incarcerated. He states that he is indigent and cannot afford to pay for someone to serve the complaint on the three defendants. Plaintiff has also shown that he has attempted to obtain a waiver of service. While he may not have done so perfectly, plaintiff appears to have made two good faith attempts to obtain waivers of service from each defendant. Therefore, the court finds the interests of justice best served by granting plaintiff's request to have the Marshal's Service serve the complaint.

The court recognizes that plaintiff's attempts to obtain waivers may not be considered adequate. In his most recent attempt, plaintiff specifically gave the defendants only ten days to return the waivers, despite the fact Rule 4(d)(1)(F) requires defendants be given at least 30 days to return them. Therefore, the court will order the U.S. Marshal to seek waivers of service before attempting personal service and incurring any costs that must be borne by the defendants under Rule 4(d)(2).

////

////

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's July 18, 2018 Motion for U.S. Marshal to Effect Service (ECF No. 23) is granted.
2. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed September 11, 2017 (ECF No. 1).
3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:
   a. The completed Notice of Submission of Documents;
   b. One completed summons;
   c. One completed USM-285 form for each defendant; and
   d. Four copies of the endorsed complaint filed September 12, 2017.
4. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Dated: October 15, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/will1884.mot for service

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROMERO, et al.,<br><br>　　　　Defendants. | No.  2:17-cv-1884 TLN DB P<br><br><br>NOTICE OF SUBMISSION |

Plaintiff submits the following documents in compliance with the court's order filed

_____:

\_\_\_\_	completed summons form

\_\_\_\_	completed USM-285 forms

\_\_\_\_	copies of the _____
　　　　　　　　　　　Complaint

DATED:


　　　_____
　　　　　　　　　　　　　　　　　　　　Plaintiff

1