UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

        Plaintiff,

    v.

ROMERO, et al.,

        Defendants.

No. 2:17-cv-1884 TLN DB P

ORDER

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff alleges excessive force and deliberate indifference to his medical needs when he was trapped by a mechanical sliding door. On March 29, 2019, plaintiff filed a request for the issuance of subpoenas. (ECF No. 53.) The court denied that request. (ECF No. 54.) In that April 12 order, the court construed plaintiff's request for a subpoena to inspect the site at issue as a request that plaintiff himself be permitted to inspect the site. (Id. at 2.)

        On April 26, plaintiff filed a document in which he explained that he intends to have a third party perform an inspection of the site. (ECF No. 56.) The court construed plaintiff's filing as a renewed motion for a subpoena to inspect premises and ordered defendants to respond. Defendants filed a response and plaintiff filed a reply. (ECF Nos. 58, 59.)

        Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding the person to whom it is directed to permit inspection of a premises. Fed. R. Civ. P. 45(a)(1)(A)(iii).

A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958). Because plaintiff is not proceeding in forma pauperis, he has no right to have the U.S. Marshal serve a subpoena on his behalf.

This court must consider the following matters before authorizing issuance of a proposed subpoena for inspection. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d). In determining the propriety of the inspection sought, this court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena . . ." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984)); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Therefore, in a request for issuance of a subpoena directed to a third party, plaintiff must explain clearly what he seeks and why he can only obtain this information by an inspection. Cf., Davis v. Ramen, No. 1:06-cv-1216 AWI-SKO PC, 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605; Austin v. Winett, No. 1:04-cv-5104 DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008)

This court finds plaintiff fails to establish a need for a Rule 45 subpoena and fails to show how he would pay for the costs of service of the subpoena, fails to identify who would conduct the inspection, and fails to show how he would pay for that inspection. With respect to the

2

relevance of plaintiff's request, he argues only that he needs an inspection to show a jury how he received his injuries and how defendants acted with malice. However, plaintiff fails to show why a diagram of the mechanical door and/or a description of how it works would not be sufficient. Nor does plaintiff show why an inspection would be relevant to defendants' intent.

With respect to the costs of plaintiff's request, he states only that he will "hire whoever he chooses." He further states that the inspector could be a "friend or family" member. That description is too vague – plaintiff must identify who would conduct the inspection, show that person is qualified to do so, and show the person would be permitted to do so by the prison. He also adds that private investigator Ken Sheppard "may" perform the inspection pro bono. However, he does not indicate he has been in contact with Mr. Sheppard and that Mr. Sheppard would, in fact, be willing to do so.

For these reasons, this court finds plaintiff fails to establish a basis for the issuance of a subpoena for the inspection of the site at issue in his complaint. Accordingly, IT IS HEREBY ORDERED that plaintiff's renewed request for a subpoena (ECF No. 56) is denied.

Dated: July 2, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/will1884.subp(2)