UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:17-cv-1884 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| ROMERO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff alleges excessive force and deliberate indifference to his medical needs when he was trapped by a mechanical sliding door. Before the court is plaintiff's motion to compel discovery responses from defendants. For the reasons set forth below, the court will grant the motion.

**BACKGROUND**

This case is proceeding on plaintiff's original complaint filed here on September 11, 2017. Therein, plaintiff alleges that defendant Romero closed a mechanical sliding door on him on purpose and refused to release the door. He further alleges that when he was released from the door, he requested medical care but defendants Romero, Abarca, and La refused to give him access to such care. On screening, this court found plaintiff stated potentially cognizable claims for excessive force in violation of the Eighth Amendment against defendant Romero and for deliberate indifference to his medical needs against defendants Romero, Abarca, and La. (ECF

1

No. 13.) On February 4, 2019, defendants answered the complaint. On March 19, this court issued a Discovery and Scheduling Order which set a discovery deadline of July 18, 2019 and a pretrial motion deadline of October 18, 2019. (ECF No. 50.) The order also informed the parties that any requests for discovery must be served not later than sixty days prior to the July 18 deadline.

On June 24, plaintiff filed a motion to compel. (ECF No. 60.) Plaintiff argues that he twice served defendants with a request for production of documents but that defendants have refused to comply with the request. Defendants oppose the motion. (ECF No. 64.) Plaintiff did not file a reply brief.

## MOTION TO COMPEL

**I.      Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things, and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II.     Analysis**

Plaintiff contends that he submitted a request for production of documents to defendants twice and did not receive an appropriate response. Defendants argue that plaintiff's first discovery request was not in the proper format and his second comes too late.

**A.  Background for Plaintiff's Motion**

On March 29, 2019, plaintiff filed a request for the court to approve non-party subpoenas. (ECF No. 53.) Plaintiff sought to obtain defendants' personnel files, rosters of the prison staff who worked in his building, and copies of policies and regulations. In addition, plaintiff sought permission to conduct an on-site inspection. In an order filed April 12, 2019, this court denied plaintiff's request and instructed him to "seek this discovery from defendants through the discovery rules found in the Federal Rules of Civil Procedure." (ECF No. 54.)

Plaintiff contends he submitted his first discovery request to defendants "by way of subpoenas" on March 26, 2019. (ECF No. 60 at 1.) Plaintiff appears to be referencing his filing

of the request for non-party subpoenas described above. On April 20, after receiving a copy of the court's April 12 order, plaintiff sent a letter to defendants' counsel in which he requested production of the same documents he had sought through his subpoena request. (See ECF No. 64-1 at 4.[1]) Plaintiff did not provide defendants' counsel with a copy of the subpoena request. He simply stated that he was requesting "what's stated on those subpoenas . . . as well as what's stated on the . . . motion." (Id.)

On May 3, defendants' counsel sent plaintiff a letter in which he stated that defendants would not respond to plaintiff's request because he failed to comply with the court's March 19 order or the Federal Rules of Civil Procedure. (See ECF No. 60-1 at 17.) On May 28, plaintiff served two requests for production of documents. (See ECF Nos. 60 at 6-12; 60-1 at 1-6.) On June 11, defendants' counsel responded by letter that because the requests were untimely under the court's Discovery and Scheduling Order, defendants would not respond. (See ECF No. 60-1 at 36.)

**B. Discussion**

Plaintiff contends that he had reasons for his inability to submit a proper discovery request in April. He states that when he received the court's order denying his subpoena request, he sought to serve discovery on defendants but, because the prison was on lockdown, was unable to access the law library and, therefore, sent the April 20 letter to defense counsel. Then, on April 23, plaintiff was taken out to court for a hearing on a criminal appeal. Based on his absence from the prison, he did not receive defendants' response to his April 20 letter until after May 20. He then faced another series of lockdowns which also caused delays in his library access. Plaintiff also notes that his May 28 service of the requests for production of documents was sent just six days past the deadline. Plaintiff seeks an extension of the discovery cut-off.

Defendants do not challenge the veracity of plaintiff's list of hindrances. Rather, defendants argue that plaintiff could have, but did not, seek to modify the scheduling order sooner.

---

[1] Plaintiff did not provide a copy of this letter with his motion as required by Local Rule 251(c).

4

There is no question that plaintiff has been seeking information; he has simply failed to do so through the proper procedures. Further, plaintiff has provided reasons for his delays in seeking discovery. Given plaintiff pro se status, and the court's obligation to construe his filings liberally, this court finds plaintiff has demonstrated good cause for a modification of the discovery deadlines.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 60) is granted.
2. The deadlines for discovery and pretrial motions set out in the March 19, 2019 Discovery and Scheduling Order are modified as follows:
    a. The deadline for discovery is continued to October 30, 2019. The parties may conduct discovery through that date and any motions necessary to compel discovery must be filed on or before that date.
    b. The deadline for filing pretrial motions is continued to January 30, 2020.
3. Defendants shall respond to plaintiff's two requests for production of documents, which were served on defendants on May 28, 2019, within 45 days of the date of this order.

Dated: August 28, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/will1884.mtc or