UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1884 TLN DB P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants subjected him to excessive force and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. In a document filed here on November 8, 2019, plaintiff requests the court approve a "site inspection subpoena." On April 26, 2019, plaintiff filed a similar request. (ECF No. 56.) The court denied that request on a variety of grounds, including plaintiff's failure to show how he would pay the costs of service of the subpoena, failure to identify who would conduct the inspection, and failure to show the relevance of a site inspection to his claims. (ECF No. 61.) Plaintiff's current request is also inadequate.

　　　　The legal standards this court must apply when considering a request for a site inspection are set out in the court's July 3, 2019 order and will not be repeated here. (See ECF No. 61.) In his current request, plaintiff states simply that his family would pay for the subpoena; it would be served by "Solano Legal process server company;" and the inspection would be conducted by

1

attorney Paul Martin, who, according to plaintiff, is "qualified to enter prison." (ECF No. 72.) Plaintiff does not explain, however, why Martin would be qualified to conduct the kind of inspection necessary to support his case.

Plaintiff states that he requires the inspection to "show jury how fast door moved how much spacing was part of incident." He further states that a diagram or description of the workings of the mechanical door would be insufficient to show the jury how the door caused his injuries and "will show malice and forethought." Plaintiff does not provide any further explanation for that statement. Again, this court finds plaintiff's explanation insufficient to demonstrate that the less intrusive alternatives, such as diagrams and descriptions, would not allow him to present his case to a jury. First, plaintiff fails to explain just what the site inspection would involve and how the result of that inspection would differ from a diagram or description. Second, he fails to show that a jury would be unable to discern from a diagram or description how the mechanical door worked. Third, he fails to show how the site inspection would produce evidence demonstrating defendants' intent or the extent of plaintiff's injuries.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for a site inspection subpoena (ECF No. 72) is denied.

Dated: November 14, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/will1884.subp for inspection

2