UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:17-cv-1884 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| ROMERO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff alleges excessive force and deliberate indifference to his medical needs when he was trapped by a mechanical sliding door. Before the court is plaintiff's motion to compel discovery responses from defendants. For the reasons set forth below, the court will deny the motion.

**BACKGROUND**

This case is proceeding on plaintiff's original complaint filed here on September 11, 2017. Therein, plaintiff alleges that defendant Romero closed a mechanical sliding door on him on purpose and refused to release the door. He further alleges that when he was released from the door, he requested medical care but defendants Romero, Abarca, and La refused to give him access to such care. On screening, this court found plaintiff stated potentially cognizable claims for excessive force in violation of the Eighth Amendment against defendant Romero and for

////

1

deliberate indifference to his medical needs against defendants Romero, Abarca, and La. (ECF No. 13.)

On February 4, 2019, defendants answered the complaint. On March 19, this court issued a Discovery and Scheduling Order which set a discovery deadline of July 18, 2019 and a pretrial motion deadline of October 18, 2019. (ECF No. 50.) Plaintiff filed his first motion to compel on June 24, 2019. (ECF No. 60.) In an order filed August 29, 2019, this court granted that motion and extended the discovery deadline to October 30, 2019. (ECF No. 66). Defendants were ordered to provide plaintiff with responses to his two requests for production of documents within 45 days.

In a document filed here on October 31, 2019, plaintiff again moves to compel defendants to respond to his requests for production of documents. (ECF No. 71-1.) Defendants filed an opposition to the motion. (ECF No. 74.)

**MOTION TO COMPEL**

**I. Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for

2

production, "extends to all relevant documents, tangible things, and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II. Discussion**

Plaintiff states that defendants have objected to requests 1 through 8, 10, and 12 in Document Production Request, Set One. In addition, plaintiff argues that defendants' responses to requests 9 and 11 had "nothing to do with what plaintiff requested." With respect to Document Production Request, Set Two, plaintiff states that defendants provided "partial documents that pertain to part of the request" for requests 1 through 3. With respect to both sets of requests, plaintiff generally argues that nothing in those requests is privileged or violates privacy and "everything is relevant." (ECF No. 71.)

In response, defendants first argue that plaintiff failed to "meet and confer" regarding the discovery disputes as required by Rule 37(a)(1). However, the meet and confer requirements set

out in Local Rule 251 are inapplicable in this prisoner case. (See Disc. and Sch. Order (ECF No. 50) at 5.) Defendants next point out that plaintiff has failed to meet his burden of showing defendants' discovery responses are inadequate. This court agrees.

The court first notes that plaintiff fails to provide the court with copies of defendants' responses to his discovery requests. Without those responses, this court is unable to determine what sort of privilege, privacy protection, or other objection defendants were asserting in response to the requests. In fact, defendants argue in their opposition brief that they asserted a number of objections to plaintiff's requests. Yet, plaintiff mentions only the privilege and privacy objections.

Plaintiff's motion provides no basis for this court to compel defendants to respond to discovery. In the court's order granting plaintiff's first motion to compel, the court set out the legal standards set out above. Plaintiff should know that to succeed on a motion to compel, he must explain just why he believes each response, including all objections therein, are deficient and why the information he seeks is relevant to his case. Plaintiff has simply not done so.

First, plaintiff does not provide any explanation why he feels defendants' objections are inapplicable. Even if the court had copies of defendants' responses to the discovery, plaintiff does not attempt to show why the privileges and/or privacy protections do not protect the information he seeks. Plaintiff simply makes the conclusory assertion that they do not apply. This is far from sufficient to challenge defendants' objections to discovery.

Second, plaintiff's motion fails to demonstrate why the information he seeks bears any relevance to his case. Again, he just makes a conclusory assertion; he states that "everything is relevant." While this court is sympathetic to the difficulties pro se prisoners have in litigating their cases, it is not the court's responsibility to litigate plaintiff's case for him.

That said, this court has briefly reviewed plaintiff's requests for production. In his first request, plaintiff seeks detailed information regarding other complaints about the defendants. (See ECF No. 60 at 8-9.) However, the issues in this case are limited. The questions are whether defendant Romero deliberately trapped plaintiff in the mechanical door and whether all defendants were deliberately indifferent to plaintiff's serious medical needs when they refused

4

him medical care. Whether or not other inmates have complained of these defendants' conduct is not relevant to these inquiries.

With respect to plaintiff's second set of requests, some also seek information about other complaints. (See ECF No. 60-1 at 1-5.) This court will not compel a response to those for the reasons set forth above. With respect to plaintiff's other requests, the court finds requests 2 and 3 seek some relevant information but plaintiff has stated that he did, in fact, receive some responsive documents. Without knowing what plaintiff feels would be responsive that he did not receive, this court cannot compel defendants to respond further. With respect to the other requests, it is not obvious why they seek relevant information and the court can find no basis upon which to compel defendants to respond to them.

For these reasons, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 71) is denied.

Dated: December 9, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/will1884.mtc(2)

5