1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LANCE WILLIAMS,                           No.  2:17-cv-1884 TLN DB P

12               Plaintiff,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   ROMERO, et al.,

15               Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges defendants used excessive force and were

19   deliberately indifferent to his serious medical needs.  Before the court is defendants' motion for

20   summary judgment, defendants' motion to amend the answer, and plaintiff's request to amend the

21   complaint.  For the reasons set forth below, this court will recommend defendants' motions be

22   denied and plaintiff's request to amend his complaint to add Correctional Officer Zuniga as a

23   defendant be granted.

24                                    **BACKGROUND**

25         This case is proceeding on plaintiff's complaint filed here on September 11, 2017.  (ECF

26   No. 1.)  Plaintiff alleges that defendant Romero worked in the control booth in Facility A,

27   Building 1 of California State Prison-Solano ("CSP-Sol") on March 6, 2015.  At about 3:30 p.m.

28   that day, Romero closed a mechanical sliding door on plaintiff on purpose and refused to release

                                              1

1  the door.  He further alleges that when he was released from the door, he requested medical care

2  but defendants Romero, Abarca, and La refused to give him access to such care.  On screening,

3  this court found plaintiff stated potentially cognizable Eighth Amendment claims for excessive

4  force against defendant Romero and for deliberate indifference to his medical needs against

5  defendants Romero, Abarca, and La.  (ECF No. 13.)  On February 4, 2019, defendants answered

6  the complaint.  (ECF No. 37.)

7         Defendants Romero and La filed the present motion for summary judgment on January

8  30, 2020.  (ECF No. 76.)  Therein, they argue that they were not present during the events at

9  issue.  Plaintiff filed an opposition (ECF No. 89) and defendants filed a reply (ECF No. 90).  In

10  his opposition, plaintiff requests permission to amend his complaint to add a new defendant –

11  Officer Zuniga.  In the reply, defendant La concedes that there are disputed issues of material fact

12  regarding plaintiff's identification of him and withdraws his motion.  (ECF No. 90 at 2.)

13         At the same time defendants filed their reply, they filed a motion to amend the answer.

14  Defendants contend that, due to an error, defendant Romero's admission in the answer that he

15  was "present in the control booth on March 6, 2015" is not correct.  (ECF No. 91.)

16                              **MOTION FOR SUMMARY JUDGMENT**

17  **I.  Summary Judgment Standards under Rule 56**

18         Summary judgment is appropriate when the moving party "shows that there is no genuine

19  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

20  Civ. P. 56(a).  Under summary judgment practice, the moving party "initially bears the burden of

21  proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litigation, 627

22  F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The

23  moving party may accomplish this by "citing to particular parts of materials in the record,

24  including depositions, documents, electronically stored information, affidavits or declarations,

25  stipulations (including those made for purposes of the motion only), admissions, interrogatory

26  answers, or other materials" or by showing that such materials "do not establish the absence or

27  presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

28  support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).

2

When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party typically may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. However, a complaint that is submitted in substantial compliance with the form prescribed in 28 U.S.C. § 1746 is a "verified complaint" and may serve as an opposing affidavit under Rule 56 as long as its allegations arise from personal knowledge and contain specific facts admissible into evidence. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (accepting the verified complaint as an opposing affidavit because the plaintiff "demonstrated his personal knowledge by citing two specific instances where correctional staff members . . . made statements from which a jury could reasonably infer a retaliatory motive"); McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987); see also El Bey v. Roop, 530 F.3d 407, 414 (6th Cir. 2008) (Court reversed the district court's grant of summary judgment because it "fail[ed] to account for the fact that El Bey signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746. His verified complaint therefore carries the same weight as would

1    an affidavit for the purposes of summary judgment.").  The opposing party must demonstrate that

2    the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

3    governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury

4    could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S.

5    242, 248 (1986).

6         To show the existence of a factual dispute, the opposing party need not establish a

7    material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be

8    shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."

9    T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

10   Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in

11   order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (citations

12   omitted).

13        "In evaluating the evidence to determine whether there is a genuine issue of fact," the

14   court draws "all reasonable inferences supported by the evidence in favor of the non-moving

15   party."  Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011).  It is the

16   opposing party's obligation to produce a factual predicate from which the inference may be

17   drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),

18   aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing

19   party "must do more than simply show that there is some metaphysical doubt as to the material

20   facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the

21   nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation

22   omitted).

23   **II.  Eighth Amendment Legal Standards**

24        The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

25   Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

26   punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

27   Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

28   Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

1  and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

2  by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

3       What is needed to show unnecessary and wanton infliction of pain "varies according to

4  the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992)

5  (citing Whitley, 475 U.S. at 320).  In order to prevail on a claim of cruel and unusual punishment,

6  however, a prisoner must allege and prove that objectively he suffered a sufficiently serious

7  deprivation and that subjectively prison officials acted with deliberate indifference in allowing or

8  causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

9  **III. Discussion**

10      Defendant Romero moves for summary judgment on the grounds that he was not present

11  in the control booth at the time the mechanical door closed on plaintiff or immediately afterwards

12  when plaintiff sought medical attention.[1]  Defendant lists as undisputed fact #4 the following:

13  "Romero did not work in Facility A, Building 1, and was not present in that building at any time

14  on March 6, 2015."  (ECF No. 76-2 at 2.)  However, as plaintiff points out, this fact is directly

15  contrary to the admission in defendants' answer that "Defendant Romero admits that he was

16  present in the control booth on March 6, 2015."  (ECF No. 37, ¶ 5.)

17      Defendants now move to withdraw the admission that Romero was present in the control

18  booth.  That motion is discussed below.  Defendants present prison time sheets and Romero's

19  declaration to show that Romero was working in Facility A, Building 6 at the time plaintiff

20  suffered his injury.  (Exs. A and C to Am. Decl. of Difuntorum (ECF No. 82-2 at 4-8, 12-14);

21  Romero Decl. (ECF No. 76-6) ¶ 3.)  In addition, Romero states in his declaration he was not

22  present in Facility A, Building 1 at any time that day.  (ECF No. 76-6, ¶ 4.)

23      Plaintiff attempts to counter Romero's assertion with two primary arguments.  First,

24  plaintiff argues that the time sheets provided are erroneous or have been falsified.  Plaintiff's only

---

[1] In their reply brief, defendants argue for the first time that summary judgment should be granted in Romero's favor on the alternate ground that plaintiff cannot prove the control booth officer acted with deliberate indifference.  Because defendant did not raise that argument in their opening brief, plaintiff did not have an opportunity to respond to it and this court will not consider it.  See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief").

1   support for that statement is his assertion that Romero's signatures indicating the beginning and

2   end of his shifts do not look the same.  Plaintiff also argues that they must be incorrect because

3   Romero was, in fact, in the control booth at the time the door closed on plaintiff.

4          Second, plaintiff presents declarations from several inmates and his own that there were

5   two officers in the control booth in Building 1 at the relevant time and one of those officers was

6   Romero.  Plaintiff declares that "[t]here were two officers in the Control Booth.  I believe one

7   officers name was Romero.  I did not see the name of the other officer because he covered his

8   name tag during our conversation and he had his hat pulled down low."  (ECF No. 89 at 24.)

9   Inmate Kisasi Liggins declares that he saw Officers Zuniga and Romero in the control booth at

10  the time plaintiff was shut in the door and when he was asking for their help.  (Id. at 70.)  Inmate

11  A.R. Ross declares that in his prior declaration he stated he "heard an Officer give his name as

12  Romero even though there were two officers in the Control Booth at the time of the incident.  The

13  other officer I know to be named Zuniga from previous interactions.[2]"  (Id. at 71.)  Inmate Terrell

14  Lewis declares that at the time of the incident, he saw Romero and another officer in the control

15  booth.  (Id. at 72.)

16         This court may not make credibility determinations on a motion for summary judgment.

17  See Dominguez-Curry v. Nevada Transp. Dep't, 424 F.3d 1027, 1035-36 (9th Cir. 2005) (Finding

18  a witness credible is "a determination that is exclusively within the province of the factfinder at

19  trial, not the district court on summary judgment.")  Based on the declarations provided by

20  plaintiff, he has sufficiently shown a genuine dispute of material fact about whether Romero was

21  in the control booth at the time of the incident.  Defendant Romero's summary judgment motion

22  should be denied.

23         **MOTION TO AMEND THE ANSWER/REQUEST TO AMEND THE COMPLAINT**

24         Defendants and plaintiff seek to amend their pleadings.  Defendants move to amend the

25  answer to remove Romero's admission.  In his opposition to the summary judgment motion,

26

27  [2] Plaintiff submitted a declaration from Ross with his complaint.  Therein, Ross describes plaintiff
    becoming trapped in the door and subsequently accusing the control booth officer of allowing the
28  door to shut on him on purpose.  (ECF No. 1 at 24.)

1  plaintiff asks that he be permitted to add Officer Zuniga as a defendant.  This court addresses both

2  issues here.

3       With respect to defendants' motion, they first argue that plaintiff will not be prejudiced by

4  the amendment because plaintiff had known previously there was an issue regarding the identity

5  of the officer in the control booth.  Defendants' argument is not well-taken.  Defendants have

6  admitted twice that Romero was in the control booth at the time in question.

7       Plaintiff originally filed an action regarding the events at issue here in 2015.  Williams v.

8  Arnold, No. 2:15-cv-0782 JAM DB P.  Plaintiff included Zuniga as a defendant in his complaint

9  but later sought to amend to replace Zuniga with Romero.  In his first amended complaint, he

10  sought relief against the same three defendants identified in the present case:  Romero, T. La, and

11  Abarca.  In the answer filed on July 18, 2016, defendant Romero made the same admission he

12  made in 2019 in the present case - that he was in the control booth at the time in question.  Id.

13  (ECF No. 20, ¶ 4.a).  Plaintiff had no reason to think Romero might not be an officer in the

14  control booth until January 2020 when defendants filed the present motion for summary

15  judgment.

16       With respect to plaintiff's request to amend his complaint to add Office Zuniga, this court

17  finds plaintiff's request justified by defendants' changed position about the presence of Romero

18  in the control booth.  Defendants challenge plaintiff's "new" allegation that there were two

19  officers in the control booth.  This court has little sympathy for that argument.  Defendants made

20  an admission years ago that Romero was present in the control room.  It was not until they filed

21  their motion for summary judgment this year that they reversed course.  Plaintiff should certainly

22  be permitted to make new arguments based on defendants' new position.

23       Because this court recommends that plaintiff be permitted to amend his complaint,

24  defendants' motion to amend the answer becomes moot.  Plaintiff should be permitted to file an

25  amended complaint and defendants should be permitted to file an answer to that amended

26  complaint.

27       Plaintiff also asks that defendants be sanctioned.  That request is not without legal

28  support.  Defendants' only excuse for the incorrect admission is that at the time the answer was

filed, "counsel had not yet had an opportunity to speak with Romero personally, and erroneously relied upon what is now known to be incomplete and incorrect information." (See ECF No. 91-4 at 3.)  Federal Rule of Civil Procedure 11(b)(3) provides that an attorney who signs a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Defendants do not explain whether the reliance on "incomplete and incorrect information" was reasonable and why it was reasonable not to speak with Romero personally prior to admitting his involvement.  Defendants will be given an opportunity to make that showing.

**CONCLUSION**

Based on the foregoing, this court will recommend defendants' motion for summary judgment be denied based on plaintiff's showing of a genuine dispute of material fact about Romero's presence in the Facility A, Building 1 control booth on March 6, 2015 at about 3:30 p.m.  In addition, this court will recommend that plaintiff be permitted to amend his complaint to include Officer Zuniga as a defendant.  If this recommendation is adopted, this court will set a schedule for plaintiff to file a first amended complaint, for service of the first amended complaint on Zuniga, and for all defendants to file an answer to the amended complaint.  This court will then permit some, limited discovery based on the addition of a new defendant.  Finally, this court will recommend defendants' motion to amend the answer be denied as moot.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the filed date of this order, defendants shall show cause why they should not be sanctioned for their preparation of the answer.

Further, IT IS RECOMMENDED that:

1.  Defendants' motion for summary judgment (ECF No. 76) be denied.

2.  Plaintiff's request to amend the complaint be granted to add Correctional Officer Zuniga as a defendant.

3.  Defendants' motion to amend the answer (ECF No. 91) be denied as moot.

1    These findings and recommendations will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

3    being served with these findings and recommendations, either party may file written objections

4    with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

5    and Recommendations."  The parties are advised that failure to file objections within the specified

6    time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951

7    F.2d 1153 (9th Cir. 1991).

8    Dated:  August 13, 2020

9

10

11   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17   DLB:9
     DLB1/prisoner-civil rights/will1884.msj fr
18

19

20

21

22

23

24

25

26

27

28

9