UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

        Plaintiff,

  v.

ROMERO, et al.,

        Defendants.

No.  2:17-cv-1884 TLN DB P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff alleges defendants used excessive force and were deliberately indifferent to his serious medical needs.  Before the court are: (1) defendants response to an order to show cause why they should not be sanctioned; and (2) plaintiff's motion for sanctions.  For the reasons set forth below, this court declines to impose sanctions on defendants and denies plaintiff's motion.

**BACKGROUND**

Plaintiff originally filed an action regarding the events at issue here in 2015.  Williams v. Arnold, No. 2:15-cv-0782 JAM DB P.  Because plaintiff failed to exhaust his administrative remedies before filing suit, the court dismissed the case without prejudice in 2017.

Plaintiff re-filed this action later in 2017.  The present case is proceeding on plaintiff's original complaint.  (ECF No. 1.)  Plaintiff alleges that defendant Romero worked in the control booth in Facility A, Building 1 of California State Prison-Solano ("CSP-Sol") on March 6, 2015.

1

1   At about 3:30 p.m. that day, Romero closed a mechanical sliding door on plaintiff on purpose and

2   refused to release the door.  He further alleges that when he was released from the door, he

3   requested medical care but defendants Romero, Abarca, and La refused to give him access to such

4   care.  On screening, this court found plaintiff stated potentially cognizable Eighth Amendment

5   claims for excessive force against defendant Romero and for deliberate indifference to his

6   medical needs against defendants Romero, Abarca, and La.  (ECF No. 13.)

7       On February 4, 2019, defendants answered the complaint.  (ECF No. 37.)  In the answer,

8   Romero admitted that he was present in the control booth at the time of the events at issue.

9       On January 30, 2020, defendants Romero and La filed a motion for summary judgment.

10   (ECF No. 76.)  Therein, they argued that they were not present during the events at issue.

11   Defendant La later withdrew his motion.  With respect to defendant Romero, this court found

12   material issues of fact regarding whether Romero was, in fact, in the control booth.  (ECF No.

13   92.)  The district court adopted this court's recommendation that Romero's motion for summary

14   judgment be denied.  (ECF No. 102.)

15       In August 2020, this court ordered defendants to show cause why they should not be

16   sanctioned for Romero's admission in the answer that he was present in the control booth because

17   that admission directly conflicted with the assertion in Romero's summary judgment motion that

18   he was not present.  (ECF 92.)  Defendants filed a response to the order.  (ECF No. 95.)  Plaintiff

19   then filed a motion for sanctions.  (ECF No. 96.)  Defendants filed an opposition (ECF No. 98)

20   and plaintiff filed a reply (ECF No. 99).

21                      **SANCTIONS**

22   **I.  Legal Standards**

23       Rule 11 of the Federal Rules of Civil Procedure provides a means to seek the imposition

24   of sanctions for improper representations made in court filings:

25             (b) Representations to the Court. By presenting to the court a

26             pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party

27             certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

28   ////

1

2

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

3

4

5

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

6

7

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

8

9

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

10 Fed. R. Civ. P. 11(b). Rule 11 further provides that a court may impose sanctions upon attorneys

11 or parties "[i]f, after notice and a reasonable opportunity to respond, the court determines that

12 Rule 11(b) has been violated...."  Sanctions are appropriate: "where a litigant makes a 'frivolous

13 filing,' that is, where he files a pleading or other paper which no competent attorney could believe

14 was well grounded in fact and warranted by law; and where a litigant files a pleading or other

15 paper for an 'improper purpose,' such as personal or economic harassment." Greenberg v. Sala,

16 822 F.2d 882, 885 (9th Cir. 1987).  "Rule 11 sanctions shall be assessed if the paper filed in the

17 district court and signed by an attorney ... is frivolous, legally unreasonable, or without factual

18 foundation, even though the paper was not filed in subjective bad faith." Zaldivar v. City of Los

19 Angeles, 780 F.2d 823, 831 (9th Cir. 1986), abrogated on other grounds, Cooter & Gell v

20 Hartmarx Corp., 496 U.S. 384 (1990).

21        When evaluating whether sanctions should be imposed under Rule 11, courts conduct "a

22 two-prong inquiry to determine (1) whether the [pleading] is legally or factually baseless from an

23 objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry

24 before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (internal

25 citation omitted).  The standard is not a high one - an allegation that has "some plausible basis,

26 [even] a weak one," is sufficient to avoid sanctions under Rule 11. United Nat. Ins. Co. v. R & D

27 Latex Corp., 242 F.3d 1102, 1117 (9th Cir. 2001).  A decision on a motion for sanctions requires

28 ////

1 the determination of "whether the attorney has abused the judicial process." Cooter & Gell, 496

2 U.S. at 396.

3     Prior to filing a motion under Rule 11, the moving party must serve the motion on the

4 opposing party and allow that party 21 days to withdraw or correct the challenged representations.

5 If the opposing party does not take action within that 21-day period, the moving party may then

6 file the motion. Fed. R. Civ. P. 11(c)(2).

7 **II. Analysis**

8     Romero's representation in the answer has caused, and will cause, plaintiff and this court

9 additional work. Prior to defendants' summary judgment motion in January 2020, plaintiff had

10 no reason to think Romero might not have been in the control booth. In fact, in the answer filed

11 in plaintiff's prior case, defendant Romero also admitted he was in the control booth.

12     That said, in their response to the order to show cause, defendants' counsel states that he

13 relied upon Romero's admission in the answer in plaintiff's prior case. Defendants in that case

14 were represented by a different attorney. This court finds that defendants' counsel's error is a

15 "plausible basis" for Romero's admission. This court further finds counsel's actions do not

16 amount to an abuse of the judicial process.[1] Finally, this court finds no basis for plaintiff's

17 assertion that, absent sanctions, defendants may commit perjury or falsify evidence at any trial.

18     Accordingly, and good cause appearing, IT IS HEREBY ORDERED that:

19     1. The August 14, 2020 order to show cause is discharged. This court declines to impose

20 sanctions on defendants.

21     2. Plaintiff's motion for sanctions (ECF No. 96) is denied.

22 Dated:  January 22, 2021

23

24 DLB:9/DB/prisoner-civil rights/will1884.sanc or

25 DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

26

27
   _____
28 [1] Because this court denies the motion for sanctions on its merits, it is not necessary to address
   defendants' argument that plaintiff's motion is procedurally improper.

4