UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:17-cv-1884 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| ROMERO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants used excessive force and denied him medical care in violation of his Eighth Amendment rights. Before the court is defendant Zuniga's motion to compel discovery responses. For the reasons set forth below, this court will grant defendant's motion. However, this court requires further information about plaintiff's access to his medical records before finalizing its order on defendant's motion. After defendant's counsel supplies that information, this court will issue a final ruling on the motion to compel and set a deadline for plaintiff's submission of amended responses.

**BACKGROUND**

In his original complaint, plaintiff alleged claims against defendants Romero, La, and Abarca. (ECF No. 1.) Plaintiff contended Romero closed a mechanical door on him and refused to release him. Defendants Romero, La, and Abarca then denied plaintiff medical care. This case

proceeded on those claims through 2019. In early 2020, defendants Romero and La moved for summary judgment. Each contended they were not present during the relevant events. Defendant La withdrew their motion. With respect to Romero's motion, the court found material issues of fact regarding Romero's presence and permitted plaintiff to file an amended complaint to add defendant Zuniga. This case is now proceeding on plaintiff's first amended complaint against defendants Romero, La, Abarca, and Zuniga. (ECF No. 107; see ECF No. 110.)

After defendants answered the first amended complaint, this court issued a discovery and scheduling order which set a deadline of October 1, 2021 for any motions to compel discovery. (ECF No. 123.) That deadline was later extended to December 1, 2021. (ECF No. 129.)

On August 23, 2021, defendant Zuniga filed a motion to compel plaintiff to respond to interrogatories and requests for the production of documents. Zuniga alleged that plaintiff failed to submit any response to those discovery requests. (ECF No. 124.) Defendant later withdrew his motion so that the parties could attempt to resolve the disputes informally. (ECF No. 128.)

On September 28, Zuniga filed the present motion to compel. (ECF No. 130.) When plaintiff failed to file a timely response, this court ordered plaintiff to show cause why Zuniga's motion should not be granted. (See ECF No. 132.) In a document filed December 6, plaintiff stated that he had submitted discovery responses to Zuniga and did not understand that he was still required to file a response to the motion to compel. (ECF No. 135.) Attached to Zuniga's reply are copies of plaintiff's responses to the interrogatories and requests for production. A proof of service shows that these responses were placed in the prison mail addressed to defendants' counsel on September 29.[1] (ECF No. 136-1 at 61.)

Zuniga argues that because plaintiff's responses were untimely, plaintiff's objections are waived and the court should compel him to provide full responses to the discovery sought. Zuniga additionally argues that plaintiff's objections to many discovery requests are inappropriate

////

---

[1] Defendant contends plaintiff did not submit responses until after defendant filed two motions to compel. However, defendant filed his second motion to compel on September 28. There is no indication plaintiff had been served with that motion or was otherwise aware of it before his responses were provided to the prison for mailing on September 29.

2

or inadequate. (ECF No. 136.) Plaintiff counters that the discovery motions were frivolous and that his objections to the discovery were proper. (ECF No. 139.)

## MOTION TO COMPEL

### I. Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). A party to a lawsuit is obligated to participate in the discovery process and respond to written discovery propounded on him.

Interrogatories must be answered fully, in writing, and under oath. Fed. R. Civ. P. 33(b)(3). While extensive research is not required, a party must make a reasonable effort to respond adequately. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sep.21, 2007). Rule 34 provides the standards for responding to a request for production of documents. It requires that for every item or category of items requested, the response must state that inspection will be permitted or that copies will be provided. Fed. R. Civ. P. 34(b)(2)(B).

A party seeking discovery may move to compel when a party-opponent "fails to answer an interrogatory submitted under Rule 33" or fails to respond that inspection will be permitted, fails to permit inspection, or fails to provide copies as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II. Discussion**

On June 10, 2021, defendant Zuniga sent plaintiff a first set of interrogatories and a first set of requests for production of documents. (See ECF No. 130-2 at 31.) Plaintiff does not contend that he did not receive that discovery. Nor does he contend that he submitted a timely response. Counsel states that on the day he withdrew Zuniga's August 23 motion to compel, he sent plaintiff a letter to attempt to informally resolve the discovery dispute through the meet-and-confer process. (ECF No. 128; see also ECF No. 130-2 at 39-40 (copy of Sept. 10, 2021 meet and confer letter from defendant's counsel to plaintiff).) After receiving no response from plaintiff to the meet-and-confer letter, Zuniga filed a second motion to compel on September 28. Zuniga received plaintiff's discovery responses on October 5. (See ECF No. 136-1 at 1.)

The court's local rules require that an opposition to the granting of a motion must be served and filed not more than twenty-one days after the date of service of the motion. E.D. Cal. R. 230(l). If the responding party has no opposition to the motion, they "shall serve and file a statement to that effect." Id. The rule further provides that a responding party's "[f]ailure . . . to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Id. This

////

court's Discovery and Scheduling Order required the parties to comply with Rule 230(l) for any motions to compel discovery. (ECF No. 50 at 5.)

Regardless of plaintiff's lack of compliance with the rules and regardless of the validity of his reasons for noncompliance, this court has reviewed defendant's motion to compel and grants it based on its merits.

This court finds that plaintiff failed to submit timely responses to Zuniga's discovery requests and has, therefore, waived objections to those requests.[2] That said, this court will consider the individual discovery requests to which plaintiff objected to determine whether Zuniga seeks relevant information. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery'. . . ." (internal quotation omitted).) For the requests this court finds appropriate, plaintiff will be ordered to submit a response if he has not already done so. For the requests for which this court lacks sufficient information, defendant will be ordered to submit a further reply to plaintiff's objections.

This court does not address every discovery request to which plaintiff stated he was objecting. In some responses, plaintiff "objected" but then stated that he did not have the information sought or could not recall it. In other responses, plaintiff objected but provided the information or documents requested. This court will not compel plaintiff to submit an amended response to those requests.

This court also does not address the substance of all of the responses. In his reply, defendant Zuniga very briefly addressed some, but not all, of the substance of plaintiff's responses.[3] (ECF No. 136.) Where defendant did not provide any basis for this court to require plaintiff to amend his response, this court will not compel plaintiff to do so.

---

[2] Plaintiff has not attempted to explain why he failed to submit timely responses to the discovery and did not seek an extension of time to do so.

[3] While defendant's opening brief is limited to the untimeliness argument and the waiver of objections, defendant added arguments challenging the substance of some of plaintiff's responses in his reply brief. Plaintiff had an opportunity to address those arguments in his response to that reply. (ECF No. 139.) Therefore, this court addresses these substantive challenges to plaintiff's responses as well.

**A. Interrogatories[4]**

**Interrogatory No. 1**

Please identify each individual who has information, along with the subject of that information, that supports your claims against Defendants.

**Response to Interrogatory No. 1**

Plaintiff objected primarily on the grounds that he does not need to reveal that information at this juncture, he has already provided it in other pleadings, and his communications with witnesses are protected by the attorney/client privilege. First, this interrogatory seeks unquestionably relevant information. The purpose of discovery is to permit a party to prepare for trial. Defendant has the right to conduct investigations into the statements of any individuals who may have information relevant to plaintiff's claims. The fact that plaintiff may have provided some witnesses' statements previously does not relieve plaintiff of the obligation to produce them in response to discovery. Further, plaintiff is not an attorney representing those witnesses so the attorney/client privilege is inapplicable. Plaintiff will be ordered to provide a response to Interrogatory No. 1.

**Interrogatory No. 3**

Please identify each document that supports your claims against Defendants and state how that document supports your claims.

**Response to Interrogatory No. 3**

Plaintiff objects to the interrogatory as burdensome and harassing. It is not. Again, defendants have a right to know what evidence plaintiff intends to use to prove his claims. While plaintiff may not be able to identify at this point every document he will use, plaintiff undoubtedly can identify many documents. Plaintiff will be ordered to respond to Interrogatory No. 3.

////

////

---

[4] As explained in the text, this court does not consider some of plaintiff's responses. Those responses not considered are to interrogatories are nos. 2, 4, 7, 8, 9, 19-24.

**Interrogatory No. 5**

Please identify each administrative grievance, by log number and date, that you submitted to CDCR that supports your claims against the Defendants.

**Response to Interrogatory No. 5**

Plaintiff argues that he has already provided defendants with this information. However, discovery requires a declaration under penalty of perjury[5] that plaintiff does, in fact, intend to rely upon certain grievances as supporting both his claims and any argument that he exhausted those claims. It provides defendants with the basis for any claim that plaintiff failed to exhaust his administrative remedies. Plaintiff will be ordered to respond to Interrogatory No. 5.

**Interrogatory No. 6**

To the extent that you contend you were unable to exhaust your administrative remedies for your claims against the Defendants, please provide in detail the following information:

a. The date, time, place, and location that you attempted to submit any administrative grievance for your claims against the Defendants;

b. The manner in which you attempted to submit any administrative grievance for your claims against the Defendants;

c. The name of every CDCR employee involved in handling or processing any administrative grievance for your claims against the Defendants; and

d. The nature of any response given from any CDCR employee in response to any administrative grievance for your claims against the Defendants.

**Response to Interrogatory No. 6**

Plaintiff objects as harassing and burdensome. He states that he is unaware of the answers to sections (c) and (d). However, if plaintiff has copies of any relevant grievances, he should be able to identify at least some of the CDCR employees who addressed his claims.

////

---

[5] Verification of discovery responses requires plaintiff to "declare under penalty of perjury that I have read and reviewed the above responses to [the discovery], and they are true and correct to the best of my knowledge." Plaintiff failed to provide verifications to his responses to the discovery at issue here. He will be required to provide a verification when he submits the new responses.

With respect to sections (a) and (b), plaintiff states that the subjects are not applicable or he does not recall the answers. Sections (a) and (b) seek information relevant to plaintiff's exhaustion of administrative remedies. Plaintiff must provide all information that he recalls on those subjects.

**Interrogatory No. 10**

> Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the Defendants' conduct? If so, for each complaint please state a description of the injury; whether the complaint is subsiding, remaining the same, or becoming worse; and the frequency and duration.

**Response to Interrogatory No. 10**

Plaintiff says only that his physical, mental, and emotional injuries are getting worse. He also claims he needs an expert to respond to this interrogatory. Plaintiff does not need an expert to explain how he feels, whether the injury is getting worse, whether he suffers from the injury continually or only sometimes, and if he suffers only sometimes, how long that problem lasts. Plaintiff will be ordered to provide a response to this interrogatory.

**Interrogatory Nos. 11, 12, and 13**

These interrogatories seek information regarding the health care providers who have treated plaintiff and the treatments he has received.

**Response to Interrogatory Nos. 11, 12, and 13**

Plaintiff indicates he can respond to these interrogatories when he obtains his medical records. Defendants will be directed to determine whether plaintiff has received those records; if he has, when he received them; and, if he has not, why. After this court has received defendant's report on plaintiff's medical records, this court will determine whether plaintiff must respond to Interrogatory Nos. 11-13.

**Interrogatory No. 14**

> Has any health care provider advised that you may require future or additional treatment for any injuries that you attribute to the Defendants' conduct? If so, for each injury, state the name and address of each health care provider; the complaints for which the treatment was advised; the evidence supporting the need for future treatment; and the nature, duration, and estimated cost of the treatment.

8

**Response to Interrogatory No. 14**

Plaintiff refuses to provide this information.  He alleges it is protected by the Health Information Portability and Accountability Act ("HIPAA") and is private.  By contending he has suffered injuries as a result of defendants' conduct, plaintiff has placed his health at issue in this case.  See Crenshaw v. MONY Life Ins. Co., 318 F. Supp. 2d 1015, 1024 (S.D. Cal. 2004). While he must turn over information responsive to Interrogatory No. 14, plaintiff may ask to the court to issue a protective order to limit the use of his medical information to the present case. See Fed. R. Civ. P. 26(c).  This court also recognizes that plaintiff likely requires his medical records to fully respond to this interrogatory.  Accordingly, this court will further consider plaintiff's response after receiving defendant's report on plaintiff's medical records.

**Interrogatory Nos. 15 and 16**

These interrogatories ask plaintiff to identify just what injuries he claims defendants have caused him and identify an amount he seeks for each injury.

**Response to Interrogatory Nos. 15 and 16**

Plaintiff's responses to these interrogatories are unquestionably inadequate.  Plaintiff simply states that he has suffered "physical, mental and emotional damages, loss of earning capacity" that amount to $1 million in damages.  Plaintiff must provide defendants with a full response by explaining each injury he claims he has suffered and identifying the amount he seeks for each one.

**Interrogatory Nos. 17 and 18**

Defendants seek information regarding any prior felony convictions and sentences.

**Response to Interrogatory Nos. 17 and 18**

Plaintiff objects to these interrogatories on the grounds of relevance and confidentiality. Plaintiff's convictions are a matter of public record so are not confidential.  Further, plaintiff must provide information on any trial court convictions, regardless of their appeal status.  Information on plaintiff's prior felony history is relevant because it may support impeachment of testimony plaintiff might provide at trial.

////

### B. Requests for Production of Documents

Most of the requests for production of documents mirror the interrogatories, which this court has found seek relevant information. The requests that do not mirror an interrogatory seek information regarding plaintiff's specific claims against defendant Zuniga, which are obviously relevant to this action.

Because the document requests seek relevant information and because plaintiff has waived any objections, plaintiff will be required to respond to the document production requests to the extent that he can.[6] Plaintiff did provide a few documents along with his response to the request for production of documents. Plaintiff must identify which request or requests those documents are responsive to.

The problem with ordering plaintiff to respond to the document requests is that in addition to asserting objections, plaintiff contends he does not have access to almost all of the documents sought. He states that he will produce the documents "upon discovery."

As described above, this court will order defendants to look into plaintiff's access to his medical records. If plaintiff does or will have access to those records, this court will order plaintiff to respond to the relevant interrogatories, as described above, and to document production request nos. 6, 7, 8, 9, 10, 11, and 12.

Defendant makes no attempt to address plaintiff's other claims of lack of access to documents. Plaintiff makes that claim with respect to request nos. 3 (documents re plaintiff's contention that defendants violated CDCR policies), 13 (journal entries and notes plaintiff created re his claims), and 16 (documents re lost income). This court cannot order plaintiff to produce something he does not have.

Therefore, plaintiff will be ordered to provide documents responsive to the requests he solely objected to. Those are Document Production Request Nos. 1, 2, 4, 5, 14, 15, 17, and 18. Once the question of plaintiff's access to his medical records is resolved, this court will determine

////

---

[6] Plaintiff is advised that he need not produce documents twice if they are responsive to more than one request but he must identify which documents those are.

10

whether plaintiff must provide documents relevant to request nos. 6, 7, 8, 9, 10, 11, and 12. This court will not order plaintiff to respond to request nos. 3, 13, and 16.

### C. Verification Discovery Responses

Defendant further challenges plaintiff's discovery responses because they are unsigned and unverified. The record before the court confirms that error. (See ECF No. 136-1 at 7, 60.)

Pursuant to Federal Rule of Civil Procedure 26(g), a party submitting discovery responses must sign those responses. By doing so, the party "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, [the disclosure] . . . is complete and correct as of the time it is made." Pursuant to Rule 33(b)(3), interrogatory responses further require the party to verify "under oath" that the interrogatory responses are true.

When plaintiff submits his amended response to the request for production of documents, he shall sign the following statement: "Plaintiff certifies that his responses to the Request for Production of Documents are, to the best of my knowledge, information, and belief formed after a reasonable inquiry, complete and correct at this time." Plaintiff's signature shall include the date and place that he signed the certification.

With his amended interrogatory responses, plaintiff shall include and sign the following oath: "I declare under penalty of perjury that I have read and reviewed the above responses to interrogatories, and they are true and correct to the best of my knowledge." Plaintiff's signature shall include the date and place that he signed the certification.

## CONCLUSION

This court finds that plaintiff has waived his objections to defendant Zuniga's discovery requests because plaintiff submitted his responses two months after they were due. This court further finds that defendant's discovery requests seek information relevant to this action. Finally, this court finds that plaintiff failed to verify his discovery responses as required by Federal Rules of Civil Procedure 26(g)(1) and 33(b)(3).

Plaintiff will be required to provide defendant Zuniga with amended responses to Zuniga's Requests for Production of Documents, Set One, and Interrogatories, Set One. The responses to both sets of discovery must include the verifications described above.

Plaintiff will not be required to provide amended responses immediately. After defendant provides information regarding plaintiff's access to his medical records, this court will consider the discovery seeking medical information. This court will then issue an order regarding those discovery requests and give plaintiff a deadline to submit amended discovery responses as set out in the present order.

Plaintiff is warned that this court expects him to immediately begin preparing amended responses to the discovery identified in this order. With respect to the interrogatories, at a minimum, plaintiff will be required to amend his responses to the following interrogatories: 1, 3, 5, 6, 10, 15, 16, 17, and 18. Plaintiff will not be required to amend his responses to interrogatories: 2, 4, 7, 8, 9, 19, 20, 21, 22, 23, and 24. This court will resolve interrogatories 11, 12, 13 and 14 after it receives defendant's report on plaintiff's medical records.

With respect to the document production requests, plaintiff will be required to amend his responses to the following requests: 1, 2, 4, 5, 14, 15, 17, and 18. Plaintiff will not be required to amend his responses to requests 3, 13, and 16. This court will resolve requests 6, 7, 8, 9, 10, 11, and 12 after it receives defendant's report on plaintiff's medical records.

After the issue of his medical records is resolved, plaintiff will have a limited amount of time to provide all amended responses.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendant Zuniga's September 28, 2021 (ECF No. 130) Motion to Compel, as amended by his December 9, 2021 reply brief, is granted. After defendant provides the information specified in paragraph 2, this court will set a deadline for plaintiff's submission of amended responses to defendant's Requests for Production of Documents, Set One, and Interrogatories, Set One.

2. Defendant's counsel shall contact the prison's litigation coordinator, or other appropriate prison staff member, to determine the status of plaintiff's possession of his relevant

////

////

medical records. Within twenty days of the filed date of this order, defendant's counsel shall file and serve a report summarizing this investigation.

Dated: January 10, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/will1884.d mtc or