UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.,<br><br>　　　　Defendants. | No.  2:17-cv-1884 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motions for an extension of time and for sanctions.  For the reasons set forth below, this court will order plaintiff to provide supplemental information regarding his request for an extension of time and will deny plaintiff's motion for sanctions.  In addition, this court will order defendants to file a response to plaintiff's December 17 request for service on a previously unnamed defendant.

Plaintiff is incarcerated at Folsom State Prison ("FSP").  This case is proceeding on plaintiff's Eighth Amendment claims of excessive force and failure to provide medical care against defendants Romero, La, Abarca, and Zuniga when he was incarcerated at Solano State Prison.  In an order filed January 11, 2022, this court granted defendant Zuniga's motion to compel responses to interrogatories and requests for production of documents.  (ECF No. 143.) Because plaintiff contended he did not have access to some of the medical records necessary to

1

respond to Zuniga's discovery, this court ordered Zuniga's counsel to provide additional information regarding plaintiff's access to his medical records. The parties were informed that after the court received that information, this court would set a deadline for plaintiff's discovery responses.

On January 27, defendants responded to the court's order. (ECF No. 144.) According to the litigation coordinators at the prisons where plaintiff has been incarcerated since he filed this case, plaintiff has been provided all the medical records he has requested.

In a document filed January 27, plaintiff requested an extension of time to provide Zuniga with the court-ordered discovery responses. (ECF No. 145.) Plaintiff explained that FSP was on lockdown at that time due to an outbreak of COVID-19 and plaintiff was in quarantine. The lockdown and quarantine prevented plaintiff from having access to all of his legal materials and to the law library. Plaintiff also stated that on February 10, he would be transferred to Los Angeles County for a legal proceeding. Plaintiff explained that he would not have all of his legal property while in custody in Los Angeles and would be unable to respond to the discovery during that time. Plaintiff seeks a 90-day extension of time.

Defendants have shown that plaintiff was provided his medical records. Based on that showing, plaintiff should be able to respond to Zuniga's discovery requests. With respect to plaintiff's request for an extension of time, this court notes that plaintiff recently filed two documents, both of which use his FSP address and both were signed by plaintiff and provided to FSP officials for filing on February 12. It thus appears that plaintiff has either returned from Los Angeles County or was not transferred there. Plaintiff will be ordered to inform the court about his current place of incarceration and his access to his legal materials.

With respect to plaintiff's motion for sanctions, in documents filed here on February 16, 2022, plaintiff contends he is entitled to monetary sanctions because defendants failed to file a timely opposition to his motion for compel. (ECF Nos. 148, 149.) Plaintiff's motion to compel was filed here on December 17, 2021. (ECF No. 137.) In an order filed January 4, 2022, this court granted defendants' motion for an extension of time to file an opposition. (ECF No. 142.) The opposition was due on February 7, 2022. Defendants filed their opposition to plaintiff's

motion to compel on February 7. (ECF No. 147.) Therefore, defendants' opposition was timely and plaintiff's motion for sanctions is baseless. Moreover, even if defendants' opposition was not timely filed, plaintiff would suffer no prejudice. Plaintiff's reply brief is not due for filing until seven days after the date he is served with a copy of defendants' opposition. See E.D. Cal. R 230(l). Therefore, plaintiff has the same amount of time to prepare a reply brief whether defendants file a timely opposition or do not. Plaintiff's motion for sanctions will be denied.

Finally, on January 27, plaintiff filed a request to have the U.S. Marshal serve a defendant who was identified in his first amended complaint as "Jane Doe." Plaintiff states that he discovered her name through discovery. It does not appear that defendants have filed a response to that request. They will be ordered to do so.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Within ten days of the filed date of this order, plaintiff shall inform the court where he is currently incarcerated and whether he has possession of his legal materials for this case. If he does not have possession of those legal materials, plaintiff shall explain what he has done to obtain them.

2. Plaintiff's motion for sanctions (ECF Nos. 148, 149) is denied.

3. Within ten days of the filed date of this order, defendants shall file a response to plaintiff's request for service, filed here on December 17, 2021 (ECF No. 138).

Dated:  February 17, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/R/will1774.mtcs