UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1884 TLN DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Before the court are plaintiff's requests for an extension of time to submit discovery responses and for the appointment of counsel. For the reasons set forth below, this court grants, in part, plaintiff's request for an extension of time and denies the request for the appointment of counsel. In addition, this court sets a deadline for plaintiff's reply in support of his December 17, 2021 motion to compel.

**BACKGROUND**

This case is proceeding on plaintiff's claims that defendants violated his Eighth Amendment rights by closing a mechanical door on him and/or refusing to provide him medical care. For purposes of plaintiff's present motions, the following history is relevant.

In June 2021, defendant Zuniga sent plaintiff a first set of interrogatories and a first set of requests for production of documents. (See ECF No. 130-2 at 31.) When plaintiff failed to

respond to the discovery, Zuniga filed a motion to compel on September 28, 2021. (ECF No. 130.) Zuniga argued that plaintiff had waived any objections to the discovery sought. Zuniga received plaintiff's discovery responses on October 5. (See ECF No. 136-1 at 1.)

In an order filed January 11, 2022, this court granted Zuniga's motion in part and reserved a ruling on some of Zuniga's requests pending additional information about plaintiff's access to his medical records. (ECF No. 143.) The January 11 order specified that plaintiff would be required to provide amended responses to interrogatory nos. 1, 3, 5, 6, 10, 15, 16, 17, and 18 and to document production request nos. 1, 2, 4, 5, 14, 15, 17, and 18. This court stated that it would set a deadline for plaintiff's amended responses after it was informed about plaintiff's access to his medical records. However, plaintiff was warned that "this court expects him to immediately begin preparing amended responses to the discovery identified in [the January 11] order." (Id. at 12.)

After receiving notice from defendants that plaintiff did, in fact, have access to all medical records he had requested, this court ordered plaintiff to also provide amended responses to interrogatory nos. 11-14 and document production request nos. 6-12. (Mar. 22, 2022 Order (ECF No. 154).) Again, this court did not set a deadline for plaintiff's responses. Plaintiff had explained that due to COVID-19 quarantines and pending transfers to Los Angeles County for a state court proceeding, he would be unable to respond to discovery. Plaintiff was ordered to inform the court when he was returned to Folsom State Prison ("Folsom") and had access to his legal materials and medical records. Plaintiff recently informed the court that the state proceedings are still in flux based on his quarantines for COVID-19 but that he is, and has been, at Folsom. (ECF No. 159.)

In his current filings, plaintiff seeks an extension of time to provide Zuniga with amended discovery responses. In addition, plaintiff seeks the appointment of counsel. (ECF Nos. 158, 159.)

**MOTION FOR EXTENSION OF TIME Re DISCOVERY**

In the document entitled "Plaintiff's Extension and Appointment of Counsel Request," plaintiff states that he seeks a six-month extension of time to respond to Zuniga's discovery.

1  (ECF No. 158.)  In the document entitled "Plaintiff's Response to Court Order Dated March 21,
2  2022," plaintiff requests a 90-day extension of time.  (ECF No. 159.)  Plaintiff states that the
3  discovery requests are overwhelming, unnecessary, and the stress of responding is exacerbating
4  his mental health problems.  He also says he does not know how to obtain the responsive
5  materials, he lacks a chair or desk to work at in his cell, and his law library access is limited.
6  Finally, plaintiff again references difficulties due to quarantines and the state court proceedings.
7  Defendants have indicated they do not oppose a 90-day extension of all deadlines.

8       This court is sympathetic to the problems plaintiff has faced, and continues to face, due to
9  the COVID-19 pandemic.  However, even considering those obstacles, plaintiff has had more
10  than enough time to collect the materials necessary to respond to most of Zuniga's discovery.
11  Plaintiff was served with the discovery requests ten months ago.  He failed to provide Zuniga
12  with any responses until almost four months later.  As explained in this court's January 11 and
13  March 22 orders, much of the discovery Zuniga sought is relevant to plaintiff's claims.

14       Plaintiff has known for three months that he must provide amended responses to nine
15  interrogatories and eight document production requests.  Plaintiff has also known for three
16  months that this court expected him to make every effort to prepare those amended responses.
17  Plaintiff fails to make any showing about what he has done to try to collect the necessary
18  information for these responses.  Plaintiff has not demonstrated good cause for a lengthy
19  extension of time to provide the responses to the discovery ordered in January.

20       With respect to the discovery sought that may require plaintiff to have access to medical
21  records, this court recognizes that plaintiff was only recently informed that he must provide
22  amended responses to the four interrogatories and the seven documents production requests.
23  Plaintiff will be given additional time to submit those responses.

24       This court will set a 90-day deadline for plaintiff's responses to Zuniga's discovery.  This
25  court considers 90 days generous.  Plaintiff is warned that he must provide Zuniga with all
26  responses on time.  No further extensions of time will be granted.  If plaintiff fails to provide
27  Zuniga with timely responses, this court will recommend dismissal of this case.
28  ////

**EXTENSION OF TIME RE REPLY BRIEF**

In the March 22, 2022 order, this court granted plaintiff's request for an extension of time to file a reply brief in support of his December 17, 2021 motion to compel. (See ECF No. 154 at 4.) Rather than set a deadline for plaintiff's reply, this court informed the parties that it would do so after plaintiff filed a notice that he had access to his legal materials and medical records. As described above, plaintiff has now filed that notice. Therefore, this court will set a 30-day deadline for plaintiff's reply to defendants' opposition to his motion to compel.

**REQUEST FOR APPOINTMENT OF COUNSEL**

For the same reasons plaintiff seeks an extension of time, he seeks the appointment of counsel. Plaintiff adds that this is a complex case that requires experts and other witnesses.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff's filings show that he has the ability to adequately represent himself. His difficulties in litigating this case are no different than those encountered by other prisoners. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for an extension of time (ECF Nos. 158, 159) to respond to Zuniga's discovery is granted in part. Within ninety days of the filed date of this order, plaintiff shall provide Zuniga with a complete set of verified responses to the interrogatories and document

production requests. Plaintiff must amend his responses to the specific interrogatories and document production requests identified above and also identified in this court's orders filed January 11 and March 22, 2022.

2. Within thirty days of the filed date of this order, plaintiff shall file any reply to defendants' opposition to plaintiff's December 17, 2021 motion to compel. If plaintiff does not file a timely reply, this court will consider plaintiff's motion based on his moving brief and on defendants' opposition.

3. Plaintiff's motion for the appointment of counsel (ECF No. 158) is denied.

Dated: April 26, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/will1884.mtc resp eot(3)