UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:17-cv-1884 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| ROMERO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his Eighth Amendment rights by closing a mechanical door on him and/or refusing to provide him medical care. Before the court is plaintiff's December 2021 motion to compel.[1] For the reasons set forth below, this court will grant in part and deny in part plaintiff's motion to compel.

**MOTION TO COMPEL**

This case is proceeding on plaintiff's first amended complaint. (ECF No. 107.) Plaintiff claims defendants Romero and Zuniga closed a mechanical door on him and refused to release him, causing plaintiff injuries. Plaintiff further claims all defendants denied him medical care for those injuries. On December 17, 2021, plaintiff filed a motion to compel defendants to respond to

---

[1] Plaintiff filed a second motion to compel in April. This court will resolve that motion after it has received all briefing.

1

discovery. (ECF No. 137.) Defendants filed an opposition (ECF No. 147) and plaintiff filed a reply (ECF No. 166).

**I. Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). A party to a lawsuit is obligated to participate in the discovery process and respond to written discovery propounded on him.

Interrogatories must be answered fully, in writing, and under oath. Fed. R. Civ. P. 33(b)(3). While extensive research is not required, a party must make a reasonable effort to respond adequately. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sep.21, 2007). Rule 34 provides the standards for responding to a request for production of documents. It requires that for every item or category of items requested, the response must state that inspection will be permitted or that copies will be provided. Fed. R. Civ. P. 34(b)(2)(B).

A party seeking discovery may move to compel when a party-opponent "fails to answer an interrogatory submitted under Rule 33" or fails to respond that inspection will be permitted, fails to permit inspection, or fails to provide copies as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

////

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of
>
> the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II. Motion to Compel Responses to Document Production Requests, Set One[2]**

REQUEST FOR PRODUCTION NO. 2[3]:

Provide name of all witnesses and full and names of defendants to be called to testify at trial;

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A). The request calls for speculation regarding the witnesses that will be called at trial. The request calls for privileged attorney work product.

"Although plaintiff is clearly entitled to know the identity of persons having knowledge of the facts pertaining to the incident at issue, 4 J. Moore, Federal Practice ¶ 26.57[1] (2d ed. 1984),

---

[2] In the first few pages of his opening brief, plaintiff identifies this set of requests as number 3. (See ECF No. 137 at 1-2.) However, the requests and responses attached, and argued, are for set number 1. (See id. at 11.)

[3] Defendants have reproduced each of the discovery requests at issue and their responses in their opposition brief. (See ECF No. 147.)

the same is not true of the identity of trial witnesses." Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 58 (D.N.J. 1985). Trial witness lists are not required until the parties' prepare pretrial statements, which will, if appropriate, be ordered later in the case. See E.D. Cal. R. 281. Therefore, request for production no. 2 is premature and defendants will not be ordered to provide documents in response.

REQUEST FOR PRODUCTION NO. 3:

    Provide documentation on how the mechanical door operates that's connected to sallyport/rotunda that plaintiff was crush by.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

    Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A). The phrase "documentation on how the mechanical door operates" is vague. The request is also overbroad and unduly burdensome with regard to time and scope. The request for production may encompass documents that are privileged and confidential under California Code of Regulations, 6 Title 15, § 3321; and Department Operations Manual § 13030.4, because it would jeopardize the security of the institution.

In their opposition brief, defendants expand on their argument that the material would be confidential. Defendants contend that "[d]etailed schematics of the operation of a mechanical door in a correctional institution would be highly dangerous to release to the inmate population."

Plaintiff's Eighth Amendment claim requires him to show that defendants intentionally closed the door on him or intentionally failed to open the door when they realized plaintiff was trapped. Plaintiff fails to show that the way the door works mechanically is relevant to his claims. Plaintiff argues in his reply that the information is relevant to defendants' affirmative defenses. However, plaintiff does not identify those defenses and this court's review of the answer does not indicate that defendants are making an argument that would bring into question the mechanical

////

////

workings of the door.[4]  Rather, the issues revolve around defendants' awareness that plaintiff was in the door as it was closing and awareness, and failure to act, when plaintiff was caught in the door.  Plaintiff's motion to compel documents in response to request no. 3 will be denied.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

Provide photos of control booth door operation and photos of mechanical door and rotunda/sallyport;

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5</u>:

Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A). The phrase "photos of control booth door operation" is vague. The request is overbroad with regard to time and scope. The request for production may encompass documents that are privileged and confidential under 6 California Code of Regulations, Title 15, § 3321; and Department Operations Manual§ 13030.4, because it would jeopardize the security of the institution. [¶] Without waiving objection, Defendants produce the following photographs [four .jpg files identified].

Plaintiff argues that the photos of the door do not show it open 1 to 1.5 inches, which is the opening plaintiff contends he was trapped in.  However, plaintiff's request did not specify that he sought a photo with that measurement.  Moreover, when responding to discovery, defendants are not required to create a new document.  See <u>Bridgewater v. Cate</u>, No. 2:10-cv-2971 TLN DAD, 2015 WL 1607976, at *2 (E.D. Cal. Apr. 9, 2015) ("[D]efense counsel's objection to having to create a document in response to these requests is proper. Under Federal Rule of Civil Procedure 34, the defendant is only required to produce documents that exist."); see also <u>Cuff v. Dep't of State Hosps.</u>, No. 2:16-cv-1999 MCE DB P, 2018 WL 3655285, at *3 (E.D. Cal. July 31, 2018) (same; citing Fed R. Civ. P. 34(a)(1)).

Plaintiff's second contention is that the photos are inadequate because they do not show the interior of the control booth.  This court finds that plaintiff's request can reasonably be

---

[4] If defendants later make this argument, this court will grant plaintiff's request for documents regarding the mechanical operation of the door.

5

construed to seek photographs of the interior of the control booth. Defendants repeat their objections with little explanation and fail to show that plaintiff's request for photos of the interior of the control booth are not relevant or are protected. Those photos may be relevant to show how officers controlled the mechanical door and what could or could not be seen by someone operating the door. Defendants simply state that they have provided plaintiff with four photos – none of which appear to show the interior of the control booth.

While defendants do not contend here that they have no photos, in response to a similar request below, defendants state that they have no photos of the interior of the control booth. This court addresses that issue below and grants it in part.

REQUEST FOR PRODUCTION NO. 7:

Provide current location of inmates and if paroled provide parole office number, parole officer name, date paroled for inmates A.R. Ross cdc# C-11519, Terrell N. Lewis cdc# A T-2881, Kissasi Liggins cdc# AR-1122, Gimi H. Reynaldo cdc# AS-8015, Provide cdc number for all inmates named Kevin Simms in bldg. I on 3-6-15 ;

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A).

Defendants' overly technical and boilerplate objection is insufficient. Defendants do not contend they are unable to obtain documents with this information or that such documents are not relevant. Defendants will be required to provide any documents with this information that is in their possession, custody, or control. This court recognizes, however, that plaintiff's request would have been better made as an interrogatory. Given plaintiff's pro se status, if defendants are unable to provide documents responsive to this request, they shall provide plaintiff with the information available in the form of an interrogatory response.

REQUEST FOR PRODUCTION N0 .8:

Provide full name and address of any potential witnesses, officer, medical personnel, free staff volunteer and any and all evidence defendants rely on for their defense in trial.

////

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A). The request is overbroad with regard to time and scope. The request calls for speculation regarding the witnesses that will be called at trial and what evidence will be relied upon. The request seeks the production of attorney work product and attorney-client privileged documents. The request duplicates Plaintiff's request for production of documents, set two, that the Defendants responded to on January 9, 2020. [¶] Without waiving objection, Defendants identify the following documents that have already been produced or filed: [numerous documents, three videos, and four photographs identified].

As described above with respect to request no. 2, defendants are not required, at this time, to provide plaintiff with lists of witnesses or evidence they intend to introduce at trial. Plaintiff's motion to compel a further response to request no. 8 will be denied.

REQUEST FOR PRODUCTION NO. 9:

Provide all 602 appeal grievances against or named in, staff complaints against or named in, citizen complaints against or named in, health care grievances against or named in CDCR 22 forms against or named in, lawsuits against or named in that's in the personnel files for all named defendants for actions that are claimed against them in this complaint for specifics (See: below); [¶] For E.R. Romero acts of dishonesty, excessive force, morally lax character, medical deliberate indifference, threats to safety of inmate, retaliation, unnecessary and attempted force on inmate, failure to report incident, failure to act. [¶] For J.M. Zuniga acts of dishonesty, morally lax character, retaliation, failure to report incident, failure to act, deliberate indifference to medical care, threats to safety of inmate, excessive force attempted and unnecessary, failure to report. [¶] For Tam A. La acts of dishonesty, retaliation, failure to repo1t incident, deliberate indifference to medical care, morally lax character For U. Abarca acts of dishonesty, failure to report incident, morally lax character, deliberate indifference to medical care, retaliation failure to act. [¶]

7

1    For Jane Doe TTA RN acts of deliberate indifference to medical care, morally lax
2    character, failure to act and report incident retaliation

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A). The request is not relevant to Plaintiffs claims or Defendants' defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. 18 Fed. R. Civ. P. 26(b)(l). Plaintiff claims that Zuniga and Romero used excessive force by closing a door on him, and that Zuniga, Romero, Abarca, and La refused to provide him medical care. The claims do not involve complaints regarding other uses of force, deliberate indifference to a serious medical need, complaints of threat to inmate safety, failures to report incidents, retaliation, or acts demonstrating morally lax character. Plaintiff's claims do not involve "Jane Doe TTA RN." The request is also overbroad and unduly burdensome with regard to time and scope. The request is compound. The request violates the privacy rights of non-party complainants. Personnel-related files are subject to the qualified privilege of official information and federal common law privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991). The request for production may encompass documents that are privileged and confidential under California Code of Regulations, Title 15, §§ 332 1, 3370, 3084.9, and 3450; and Department Operations Manual §§ 13030.4, 13030.14, 13030.19, and the official information privilege. Defendants also object to the request on the ground that responsive documents, if any are protected from disclosure under California Civil Code § 1798.24. [¶] Without waiving objection, Defendants identify the following records that have already been produced or filed: [list of four of plaintiff's administrative grievances]

////

8

In their opposition, defendants rely on their objections without further argument. None of those objections are sufficient to prevent plaintiff's discovery of at least some of the information sought. Courts regularly grant plaintiffs in excessive force cases leave to obtain the defendant officers' disciplinary files. See, e.g., Lawrence v. City & Cty. of San Francisco, No. 14-cv-0820-MEJ, 2016 WL 3254232, at *4 (N.D. Cal. June 14, 2016); Nehad v. Browder, No. 15-CV-1386 WQH NLS, 2016 WL 2745411, at *2 (S.D. Cal. May 10, 2016); Henderson v. Peterson, No. C 07-2838 SBA PR, 2011 WL 441206, at *2 (N.D. Cal. Feb. 3, 2011); Zackery v. Stockton Police Dep't, No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634, at *2 (E.D. Cal. June 7, 2007); Soto v. City of Concord, 162 F.R.D. 603, 615 (N.D. Cal. 1995) ("Records of complaints against defendant officers relating to their use of excessive force has been found to be relevant to a plaintiff's civil rights claim.")

This court also rejects defendant's argument that the records should not be disclosed because doing so violates defendant's privacy rights. As recognized by the court in Ramirez v. County of Los Angeles, 231 F.R.D. 407, 411 (C.D. Cal. 2005):

> Most information requested by civil rights plaintiffs in these lawsuits deals with professional personnel records, such as prior involvement in disciplinary proceedings or citizen complaints filed against the officers. The privacy interest in this kind of professional record is not substantial, because it is not the kind of "highly personal" information warranting constitutional safeguard. The privacy interest in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review

See also Taylor v. O'Hanneson, No. 1:11-cv-0538 LJO SAB, 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014) (citing Ramirez, 231 F.R.D. at 411).

This court recognizes that complaints filed against defendants may contain confidential information, such as inmate names or other personal and/or identifying information. However, that issue can easily be addressed by redacting that information from the grievances and complaints. Defendant does not explain why redactions would not adequately address third party privacy concerns.

This court does find merit in defendant's argument that plaintiff's request is overbroad because it is not limited in time and scope. This court will limit the discoverable documents to

9

those regarding incidents occurring no more than ten years prior to the incident at issue in this case and to only those complaints regarding excessive force against Romero or Zuniga and for failure to provide medical care any of the defendants. Plaintiff's motion to compel the production of documents in response to request no. 9 will be granted in part.

**III.  Motion to Compel Responses to Document Production Requests, Set Four**

REQUEST FOR PRODUCTION NO. 1:

Provide FLSA sheets (fn. l Fair Labor Standard Act and Telestaff roster sign in and out sheets) and any other documents that show who worked in Solano T.T.A. medical dept on 3-6-15 between 1pm and 10pm to locate name of Registered Nurse or Licenced [sic] Vocational Nurse who answered def. Abarcas call allegedly.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Objection. The request is vague as to the phrase "locate name of Registered Nurse or Licensed Vocational Nurse who answered def. Abarcas call allegedly." Without waiving objection, a diligent search and reasonable inquiry has been made in an effort to locate the item requested, by inquiring with Defendants and the Litigation Coordinator at California, State Prison, Solano. Defendants do not have any responsive documents in their present possession, custody, or control because the requested item has been destroyed pursuant to the institution's document retention policies.

This court cannot compel defendants to provide copies of documents they do not have. In any event, plaintiff appears to have obtained this information from another source.

REQUEST FOR PRODUCTION NO. 2:

Provide names of all witnesses and names of defendants to be called to testify at trial.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(1)(A). The request calls for speculation regarding the witnesses that will be called at trial. The request calls for protected attorney work product.

10

As discussed above with respect to request for production no. 2, this request is premature.

REQUEST FOR PRODUCTION NO. 3:

Provide manual, instructions, and any other documentation on how the mechanical door operates and is operated that plaintiff was crush by the documentation shall be from 2015 or earlier, in addition the manual, instructions or operations manual shall also include how mechanical door is operated from control booth or by person.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A). The phrase "documentation on how the mechanical door operates and is operated that plaintiff was crush by" is vague. [¶] Without waiving objection, a diligent search and reasonable inquiry has been made in an effort to locate the items requested, by inquiring with Defendants, the Litigation Coordinator, and the Correctional Plant Manager at California State Prison, Solano. Defendants do not have any responsive documents in their present possession, custody, or control because no responsive records exist. The only documentation that could be located pertaining to the front door on Facility A, Building 1, is the door maintenance manual, which is not responsive to the request.

This court cannot compel defendants to provide documents they do not have. While plaintiff asks for the door maintenance manual, he does not explain why it is relevant and, as defendants point out, it is not responsive to plaintiff's request.

REQUEST FOR PRODUCTION NO. 4:

Provide photos of where the mechanical door is operated from within the control booth, photos of buttons, levers that control the opening and closing of the mechanical door.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A). The phrase "photos of control booth door operation" is vague. Without waiving objection, a

11

diligent search and reasonable inquiry has been made in an effort to locate the item requested, by inquiring with Defendants and the Litigation Coordinator at California, State Prison, Solano. Defendants do not have any responsive documents in their present possession, custody, or control because no responsive records exist. *See also Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 305, 310 (D.D.C. 2000) (Rule only requires production of documents already in existence and there is no duty to create new documents that do not exist).

As discussed above, defendants are not required to create documents that do not currently exist. However, this court recognizes that the control booth set up is relevant to plaintiff's claims and plaintiff is unable to obtain such photos himself. It seems there are two choices to permit plaintiff to obtain the necessary information. First, defendants could permit plaintiff access to the control room. At this stage of the proceedings, this court does not find it necessary for plaintiff to have photographs. Plaintiff would be permitted to take notes of what he observes there. Then, on any motion for summary judgment, plaintiff could submit an affidavit describing the control room, if necessary. If this case proceeds to trial, this court would reconsider plaintiff's right to obtain photos of the control booth. In the second option, defendants would take the photos of the control booth as plaintiff requests and provide them to plaintiff. Defendants will be ordered to inform the court which option they choose.

REQUEST FOR PRODUCTION NO. 5:

Provide any and all video footage of Plaintiffs excessive force video interview about 3-6-15 incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Objection. The request for production is vague because it does not identify an incident log number or administrative log number that could be used to locate a responsive record. The request therefore does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A). Without waiving objection, a diligent search and reasonable inquiry has been made in an effort to locate the item requested, by inquiring with

12

Defendants, the Litigation Coordinator, and an Investigative Services Unit representative at California, State Prison, Solano. Defendants do not have any responsive documents in their present possession, custody, or control because no responsive records could be identified or located. If Plaintiff provides an incident or log number, date of the alleged interview, and information regarding who conducted the interview, Defendants will inquire further.

In his motion, plaintiff states that he "objects" to defendants' response, though he does not explain why, and states that he is attempting to obtain more specific information regarding the interview. This court cannot compel defendants to produce something they do not have or cannot locate. This court recognizes that the information is relevant to this action. Therefore, if plaintiff is able to obtain any of the information specified by defendants, he may provide it to them and they shall make another attempt to locate the video footage sought.

REQUEST FOR PRODUCTION NO. 6:

Provide phone records for date of 3-6-15 from building I 3rd watch hours to prove whether defendant Abarca made a call to the TTA medical department or Not.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Objection. The request does not describe the requested documents or category of documents with reasonable particularity. Fed. R. Civ. P. 34(b)(l)(A). The request phrase "to prove whether Defendant Abarca made a call to the T.T.A. medical department or Not" is vague. Without waiving objection, a diligent search and reasonable inquiry has been made in an effort to locate the item requested, by inquiring with Defendants and the Litigation Coordinator at California, State Prison, Solano. Defendants do not have any responsive documents in their present possession, custody, or control because no responsive records exist.

Defendants cannot be compelled to provide documents they do not have.

////

////

////

13

1    **IV. Motion to Compel Responses to Interrogatories to Abarca, Set One**

2    <u>ABARCA INTERROGATORY NO.1</u>:

3    Translate exactly what is stated by you in the CDCR 22 form response dated 3-7-15 and

4    provide name of medical personnel you spoke with on phone day of incident on 3-6-15.

5    RESPONSE TO ABARCA INTERROGATORY NO.1:

6    Objection. The interrogatory is compound. The interrogatory calls for speculation.

7    [¶] Without waiving objection, [¶] 1.1 Defendant produces a copy of the CDCR

8    Form 22 by Plaintiff and dated by Abarca on March 7, 2015, under Federal Rule of

9    Civil Procedure 33(d). (Bates AGO 161) [¶] 1.2 Based on available information,

10   Defendant spoke to Registered Nurse Chucksorji by telephone on March 6, 2015.

11   In his reply, plaintiff does not respond to defendants' statement that the Form 22 they

12   provided to plaintiff is in English and there is nothing to translate.

13   <u>ABARCA INTERROGATORY NO. 3</u>:

14   Did you make statement that plaintiff Williams did not get hit and crush by door like he

15   said? Please describe how he did get hit, crush by door and provide your location at time

16   you saw this?

17   RESPONSE TO ABARCA INTERROGATORY NO. 3:

18   Objection. The request is vague as to the phrase "statement." The interrogatory is

19   compound. [¶] Without waiving objection, [¶] 3.1 To the extent Plaintiff is

20   referring to Defendant's CDCR Form 22 response, Defendant produces a copy of

21   the CDCR Form 22 dated by Abarca on March 7, 2015, under Federal Rule of

22   Civil Procedure 33(d). (Bates AGO 161) [¶] 3.2 Defendant was in in the center of

23   the housing building near the desk and podium. Defendant recalls the incident

24   occurred during the afternoon but does not recall a specific time. Defendant

25   observed the main entry door open and close. As the door was closing, Plaintiff

26   attempted to pass through the doorway. The door made contact with Plaintiff, and

27   then the door opened. Plaintiff was not crushed by the door. Plaintiff said

28   ////

something as he entered into the building, but Defendant cannot recall what was

said. Plaintiff then walked to the stairs, up the stairs, and to his assigned cell.

It appears that defendant responded to plaintiff's request by explaining what he saw. Plaintiff does not show that the response is inadequate.

**V. Motion to Compel Responses to Interrogatories to La, Set One**

<u>LA INTERROGATORY NO. 5</u>:

Did you have a conversation with plaintiff Williams on 3-6-15 about this cases incident? Describe the contents of the conversation?

RESPONSE TO LA INTERROGATORY NO. 5:

Objection. The interrogatory is compound. Without waiving objection, no.

Defendant responded to the interrogatory by denying he had a conversation with plaintiff on March 6, 2015. This court cannot compel a further response just because plaintiff does not believe that statement is true.

**VI. Conclusion**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that plaintiff's December 17, 2021 motion to compel (ECF No. 137) is granted in part, and denied in part, as follows:

1. With respect to Request for Production of Documents, Set One:

    a. Defendants are not compelled to provide further documents in response to request nos. 2, 3, and 8.

    b. Defendants are not compelled to provide further photographs of the door in response to request no. 5.

    c. Within thirty days of the date of this order, defendants shall provide plaintiff with:

        i. Documents responsive to request no. 7, and

        ii. Documents responsive to request no. 9 with the following limitations.

Defendants shall provide copies of all inmate complaints within ten years prior to the incident herein and which complain of excessive force against Romero or

15

Zuniga or complain of the failure of any defendant to provide medical care. The names of the complaining parties shall be redacted from all copies provided.

2. With respect to Request for Production of Documents, Set Four:

    a. Defendants are not required to provide further documents in response to plaintiff's request nos. 1, 2, 3, 5, and 6.

    b. With respect to request no. 4, within fifteen days of the date of this order, defendants shall inform the court whether they will give plaintiff access to the control booth or will provide plaintiff with photographs of the interior of the booth. After receiving that document, this court will set a deadline for defendants' compliance.

3. Defendants Abarca and La will not be compelled to provide further responses to the interrogatories at issue.

DATED: June 14, 2022

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/will1884.mtc 12 2021

16