1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LANCE WILLIAMS,                              No.  2:17-cv-1884 TLN DB P

12                    Plaintiff,

13           v.                                    FINDINGS AND RECOMMENDATIONS

14    ROMERO, et al.,

15                    Defendants.

16

17          Plaintiff, a former state prisoner, filed this civil rights action under 42 U.S.C. § 1983.

18    Plaintiff claims defendants Romero and Zuniga violated his Eighth Amendment rights when they

19    closed a mechanical door on him and refused to release him.  Plaintiff further claims all

20    defendants violated his Eighth Amendment rights when they denied him medical care.  Based on

21    plaintiff's failure to prosecute this action and to comply with court orders, this court will

22    recommend this action be dismissed.

23          To briefly summarize these proceedings, plaintiff initially identified three defendants:

24    Abarca, La, and Romero.  (ECF No. 1.)  After the court found plaintiff ineligible to proceed in

25    forma pauperis and he paid the filing fee, this court found plaintiff stated potentially cognizable

26    Eighth Amendment claims against those three defendants.  (ECF Nos. 12, 13.)  Plaintiff had some

27    difficulty serving those defendants.  Eventually, each was served and they filed an answer in early

28    2019.  (ECF No. 37.)

                                                    1

In the course of discovery, plaintiff identified two additional defendants - Zuniga and Chuksorji - and this court found plaintiff stated potentially cognizable claims against them as well.  (ECF Nos. 92, 154.)  The case is proceeding on plaintiff's first amended complaint (ECF No. 107) against all five defendants.

On April 28, 2022, plaintiff filed a motion to compel defendants to respond to discovery.  (ECF No. 164.)  Defendants filed an opposition.  (ECF No. 167.)  Thereafter, plaintiff requested and was granted two 60-day extensions of time to file a reply brief.  (ECF Nos. 171, 174, 178, 180.)

On November 18, 2022, defendant Chuksorji filed a motion for summary judgment.  (ECF No. 181.)  By local rule, plaintiff's opposition to that motion was due 21 days later.  <u>See</u> E.D. Cal. R. 230(l).  Plaintiff was informed that briefing was governed by Local Rule 230(l) in the court's March 19, 2019 and June 1, 2021 orders.  (ECF Nos. 50, 123.)  In the motion for summary judgment, Chuksorji also informed plaintiff about the applicability of Rule 230(l) and of the 21-day deadline for filing an opposition to the motion.  (<u>See</u> ECF No. 181 at 7.)

Plaintiff's last filing in this court was his September 9, 2022 request for an extension of time to file a reply to defendants' opposition to his motion to compel.  (ECF No. 178.)  He has not filed an opposition to the November 18 motion for summary judgment.  In an order filed January 18, 2023, this court ordered plaintiff to inform the court within twenty days whether he wishes to proceed with this action and, if so, why he failed to file an opposition to Chuksorji's motion.  Twenty days have passed and plaintiff has not responded to the court's January 18 order.

The district court may dismiss a case sua sponte for failure to prosecute under Federal Rule of Civil Procedure 41(b).  <u>McClure v. Fessler</u>, 57 F. App'x 727, 727 (9th Cir. 2003) (citation omitted).

Rule 41(b) provides as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

////

1    <u>See also</u> Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any

2    order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

3    by statute or Rule or within the inherent power of the Court.").

4              In determining whether to dismiss a complaint under FRCP 41(b),
         courts must weigh the following factors: "(1) the public's interest in
5        expeditious resolution of litigation; (2) the court's need to manage its
         docket; (3) the risk of prejudice to defendants/respondents; (4) the
6        availability of less drastic alternatives; and (5) the public policy
         favoring disposition of cases on their merits."
7

8    <u>Avalos v. Kijakazi</u>, No. 21-55656, 2022 WL 2072724, at *1 (9th Cir. June 9, 2022) (quoting

9    <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002)).

10           The public interest in expeditious resolution of litigation, the court's need to manage its

11   docket, and the risk of prejudice to defendants support the sanction of dismissal.  The events at

12   issue in this case occurred in 2015 and the case has been pending here since 2017.

13           The public policy favoring disposition on the merits counsels against dismissal.  However,

14   this court will not recommend a dismissal on the merits as permitted by Rule 41(b).  Taking into

15   account plaintiff's pro se status and his statements in his September 2022 motion for an extension

16   of time that he was, at that time, homeless and had suffered health problems, dismissal without

17   prejudice is more appropriate.

18           Plaintiff has been warned that his failure to comply with applicable rules and court orders

19   could result in a recommendation that this case be dismissed.  (<u>See</u> ECF Nos. 50, 123.)  Plaintiff

20   has not filed any opposition to Chuksorji's motion for summary judgment, despite having almost

21   three months to do so.  Nor has plaintiff responded to this court's January 18 order regarding his

22   intent to proceed with this action.  At this point, this court finds dismissal justified.  No lesser

23   sanction would serve any purpose.

24           Accordingly, IT IS HEREBY RECOMMENDED that:

25       1.  This action be dismissed without prejudice for plaintiff's failure to prosecute and

26           failure to comply with court orders;

27       2.  Plaintiff's motion to compel (ECF No. 164) be dismissed as moot; and

28   ////

1        3.   Defendant Chuksorji's motion for summary judgment (ECF No. 181) be dismissed as

2             moot.

3           These findings and recommendations will be submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

5    after being served with these findings and recommendations, either party may file written

6    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7    Findings and Recommendations."  The parties are advised that failure to file objections within the

8    specified time may result in waiver of the right to appeal the district court's order.  Martinez v.

9    Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   Dated:  February 15, 2023

11

12                                                             

13                          DEBORAH BARNES
                       UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20   DLB:9
    DB Prisoner Inbox/Civil Rights/S/will1884.fta fr

21

22

23

24

25

26

27

28

                           4