UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.,<br><br>　　　　　Defendants. | No.  2:17-cv-1884 TLN DB P<br><br><br>ORDER |

Plaintiff, a former state prisoner, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants Romero and Zuniga violated his Eighth Amendment rights when they closed a mechanical door on him and refused to release him.  Plaintiff further claims all defendants violated his Eighth Amendment rights when they denied him medical care.

On January 18, 2023, this court ordered plaintiff to inform the court within twenty days whether he wished to proceed with this action and, if so, why he failed to file an opposition to defendant Chuksorji's summary judgment motion filed November 18, 2022.  When the court did not receive a timely response to the January 18 order, this court found plaintiff had failed to prosecute this action and recommended the case be dismissed.  (Feb. 15, 2023 Order (ECF No. 183).)  In a document filed on February 14, but not docketed until February 15,[1] plaintiff requests

---

[1] Because plaintiff's February 14 filing was not docketed until February 15, this court was not aware of it prior to filing the February 15 findings and recommendations.

1

a fourteen-day extension of time to respond to the court's "most recent order." (ECF No. 184.) On February 17, defendants filed a document in which they note that plaintiff does not identify the court order in his February 14 filing. Defendants state that they do not oppose a fourteen-day extension of time for plaintiff to file objections to this court's February 15 findings and recommendations. (ECF No. 185.)

Plaintiff filed his request for an extension of time on February 14, one day before this court filed the findings and recommendations. Therefore, it is clear he does not seek an extension of the objection period set out in the findings and recommendations. Plaintiff seeks an extension to respond to the court's "most recent order." That is the January 18 order requiring plaintiff to explain whether he wishes to proceed with this case. Defendants do not indicate whether they oppose an extension of time for plaintiff to respond to the January 18 order.

In his February 14 filing, plaintiff explains that he requires additional time because he is "experiencing mental health decompensation," suffering "severe nerve and muscle pain," and is homeless. This court finds those reasons sufficient to permit plaintiff additional time to respond to the court's January 18 order.

This court will vacate the February 15 findings and recommendations to permit plaintiff to respond to the January 18 order. However, plaintiff is warned that if he wishes to proceed with this action, he must heed court orders and the Local Rules. Plaintiff should carefully consider this court's reasoning in the February 15 findings and recommendations. While this court is sympathetic to the many difficulties plaintiff faces in litigating this case, he must stay involved if he wishes to continue with it.

For these reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for an extension of time (ECF No. 184) is granted;
2. The findings and recommendations filed February 15, 2023 (ECF No. 183) are vacated; and

////

////

////

3. Within fourteen days of the filed date of this order, plaintiff shall respond to the court's January 18 order. Plaintiff is warned that his failure to file a response within fourteen days could result in a renewed recommendation that this case be dismissed.

Dated: February 19, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/will1884.fta fr vacate

3