UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>ROMERO, et al.,<br><br>   Defendants. | No. 2:17-cv-1884 TLN DB P<br><br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se with an action under 42 U.S.C. §1983. Plaintiff claims defendants Romero and Zuniga violated his Eighth Amendment rights when they closed a mechanical door on him and refused to release him. Plaintiff further claims all defendants violated his Eighth Amendment rights when they denied him medical care. Below, this court addresses the status of this case based on recent filings, denies plaintiff's motion to compel defendants' to respond to discovery, and sets a schedule going forward.

**STATUS OF THIS CASE**

Until just recently, plaintiff's last filing in this court was his September 9, 2022 request for an extension of time to file a reply to defendants' opposition to his motion to compel. (ECF No. 178.) He has not filed an opposition to defendant Chuksorji's motion for motion for summary judgment filed November 18, 2022. On January 18, 2023, this court ordered plaintiff to inform the court within twenty days whether he wished to proceed with this action and, if so, why he

1

failed to file an opposition to Chuksorji's motion.  (ECF No. 182.)  When plaintiff did not respond to the January 18 order, on February 15 this court recommended this action be dismissed for plaintiff's failure to prosecute.  (ECF No. 183.)

On the same day this court filed its recommendation that the action be dismissed, plaintiff's motion for an extension of time to respond to the January 18 order was filed.  This court then vacated the February 15 recommendation and gave plaintiff an additional fourteen days to respond to the January 18 order.  (ECF No. 186.)  On February 24, plaintiff filed a response. (ECF No. 187.)

In his response, plaintiff states that he has had trouble prosecuting this action because the "multiple" changes in counsel for defendants have been confusing, because he is homeless, and because of "mental health complications."  Plaintiff also states that the court has not acknowledged plaintiff's address change, that he has not received a number of filings, and that some filings have been lost.

First, this court addresses plaintiff's concern about receiving filings.  On July 28, 2022, plaintiff filed a notice of change of address.  He provided the following address:  P.O. Box 570034, Tarzana, CA 91357.  This is the same address plaintiff identifies on his most recent filing.  All court orders served on plaintiff since July 28, have been mailed to plaintiff at that post office box.  This court has also reviewed the proofs of service filed by defendants since July 28. Every proof of service shows that the documents filed by defendants were mailed to the post office box identified by plaintiff.  Therefore, plaintiff should have received everything filed in this case after July 28, 2022.

Second, if plaintiff lost documents, he fails to explain which documents he lost or how he lost them.  If plaintiff wishes to proceed with this action, he must find a way to keep track of the documents he receives.

Third, this court does not understand why any changes in defendants' counsel have affected plaintiff's ability to litigate this case.  Plaintiff provides no explanation.  As noted above, plaintiff has been served with copies of all filings since he provided a change of address.  To the extent plaintiff has some confusion about who to serve with paper copies of his filings, plaintiff is

advised that he need not serve defendants' attorneys with paper copies in the future. Attorneys filing documents in this court are required to consent to electronic service and will be served with a Notice of Electronic Filing that is automatically generated by CM/ECF at the time the Clerk of the Court files plaintiff's documents with the system. That notice includes a link to a copy of the filed document. E.D. Cal. R. 135(a), (g). Plaintiff is therefore not required to serve defendants' attorney with paper copies of documents filed with the court.

Finally, as expressed in prior orders, this court is sympathetic to the difficulties that plaintiff faces due to his mental health and lack of housing. However, the court cannot simply delay this case indefinitely based on those difficulties. Cf. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1067 (9th Cir. 2007) (Any stay of proceedings should be "of short, or at least reasonable, duration."). As plaintiff was informed previously, to manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines. When a plaintiff repeatedly fails to comply with court-imposed deadlines, the court may dismiss the plaintiff's case for failure to prosecute. See Fed. R. Civ. P. 41; E.D. Cal. R. 110. While involuntary dismissal is a harsh penalty, a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1. Plaintiff must comply with deadlines. If he cannot, he must file a motion for an extension of time before the expiration of the deadline and explain in specific terms why he cannot meet the deadline, what he will do to file the required document, and how much time he needs to file it.

Plaintiff also requests that the court order a "meet and confer" with defendants' counsel to determine the status of the proceedings. This court is not convinced such a meeting is necessary. Based on recent orders, plaintiff should be aware of the case status. In the January 18 order, this court explained that two motions are pending – plaintiff's April 28, 2022 motion to compel defendants to respond to discovery and defendant Chuksorji's November 18, 2022 motion for summary judgment. In the February 15 recommendation that this action be dismissed, this court set out the history of the case.

////

1    In order to keep this case moving forward, this court resolves plaintiff's pending motion to
2    compel, orders plaintiff to respond to defendant Chuksorji's motion for summary judgment,[1] and
3    sets a schedule for this case. This court will give plaintiff generous amounts of time to respond to
4    motions and orders. As stated above, if plaintiff seeks an extension of time to file documents, he
5    must show good cause by providing a detailed reason for his inability to meet a deadline and
6    explaining how he intends to file the document in an expeditious manner. Simply stating
7    generally that he is homeless and has mental health challenges will not be enough to establish
8    good cause in the future.

## PLAINTIFF'S MOTION TO COMPEL

On April 28, 2022, plaintiff moved to compel defendants to respond to discovery. (ECF No. 164.) In response, defendants filed supplemental responses and objections. (ECF No. 167.)

**I. Legal Standards for Motion to Compel**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why

---

[1] Plaintiff states that he does not recall receiving a copy of Chuksorji's motion. Defendant Chuksorji's will be ordered to serve a second copy on plaintiff. However, this court will not order defendants to re-serve documents in the future. Nor will the court provide plaintiff with second copies of documents that have already been properly served. In the future, if plaintiff does not have a copy of a properly-served document, he may request a new copy from the Clerk's Office at the cost of $0.50 per page. Checks in the exact amount must be made payable to "Clerk, USDC." Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-441-4396, fax 916-400-4948.

the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II. Discussion**

    **A. Request for Production of Documents, Set 5**

        REQUEST FOR PRODUCTION NO. 1

"Produce and provide photo of mechanical door with measurement of 1 inch being open and 1 inch and half with an up close photo and photo from distance for each measurement."

        RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Defendants objected on the grounds that they were no such documents in their custody, possession or control.

////

1  Defendants contend they are not required to create documents for purposes of responding
2  to a document production request. This court agrees. See Bridgewater v. Cate, No. 2:10-cv-2971
3  TLN DAD, 2015 WL 1607976, at *2 (E.D. Cal. Apr. 9, 2015) ("[D]efense counsel's objection to
4  having to create a document in response to these requests is proper. Under Federal Rule of Civil
5  Procedure 34, the defendant is only required to produce documents that exist."); see also Cuff v.
6  Dep't of State Hosps., No. 2:16-cv-1999 MCE DB P, 2018 WL 3655285, at *3 (E.D. Cal. July
7  31, 2018) (same; citing Fed R. Civ. P. 34(a)(1)).

8  Further, as defendants point out, such a photo is not necessary to plaintiff's claim.
9  Plaintiff's contention that the sliding door was open only 1 or 1.5 inches should be easily
10  understood by a jury. Plaintiff's motion to compel defendants to provide documents in response
11  to Request No. 1 will be denied.

12  **B. Interrogatories, Set Two**

13  According to the first page of his document, plaintiff sent this set of interrogatories to
14  defendant Abarca. However, he then directed each interrogatory to various defendants.
15  Defendants originally responded that since Abarca was the responding party, they could not
16  respond. However, in their opposition, defendants provide plaintiff with supplemental responses.
17  The supplemental responses are the ones addressed herein

18  <u>INTERROGATORY NOS. 1 AND 2 TO ABARCA</u>

19  Plaintiff asks Abarca about conversations he had with R.N. Chuksorji on March 6, 2015
20  about plaintiff "being crush[ed] by door?"

21  RESPONSE TO INTERROGATORY NOS. 1 AND 2

22  Abarca responded to both interrogatories that he "does not recall the conversation
23  alleged by Plaintiff."

24  Plaintiff argues that Abarca should not be permitted to claim he does not recall. Abarca
25  verified under penalty of perjury that his interrogatory responses are "true and correct." (ECF
26  No. 164 at 25.) This court cannot compel Abarca to respond to something he does not recall.
27  Plaintiff's motion to compel Abarca to further respond to interrogatory nos. 1 and 2 will be
28  denied.

6

INTERROGATORY NO. 4 TO LA

"Did you withdraw your argument that you were not working building 1 Facility A 3rd watch on 3-6-15 in your summary judgment reply dated August 4th, 2020"?

RESPONSE TO INTERROGATORY NO. 4

"La has never withdrawn his observation that he was not working in Facility A, building 1 on March 6, 2015. In his reply brief in support of his summary-judgment motion, he merely noted that Plaintiff had furnished evidence that—if true—would place La in Facility A, building 1 on March 6, 2015. La contends that this evidence is false. Nevertheless, La's understanding is that such factual disputes are typically not resolved on motions for summary judgment."

La's supplemental response adequately addresses the interrogatory. Plaintiff's motion to compel a further response will be denied.

INTERROGATORY NO. 5 TO ZUNIGA

"Will being found guilty of these claims harm your newly active status as a Lieutenant?"

RESPONSE TO INTERROGATORY NO. 5

"The interrogatory is improper because this is a civil case, not a criminal case. Accordingly, Zuniga cannot be found "guilty" in this case. And even if Williams had substituted the word "liable" for "guilty," the interrogatory poses an incomplete hypothetical scenario upon which Zuniga could only speculate. For these reasons, Zuniga was not required to respond to this interrogatory."

In addition to requiring speculation, the interrogatory seeks information that is not relevant to plaintiff's claims. Zuniga will not be ordered to provide a further response.

INTERROGATORY NO. 7 TO ROMERO

"Will being found guilty of these claims hurt your status as a Sergeant?"

RESPONSE TO INTERROGATORY NO. 7

Romero's response is that same as that submitted by Zuniga to Interrogatory No. 6.

For the same reasons as stated above, Romero will not be required to provide a further response.

|   |   |
|---|---|
| 1 | <u>INTERROGATORY NO. 8 TO ROMERO</u> |
| 2 | "Did you initially admit to being present at scene and in control both at time of incident on |
| 3 | 3-6-15 in building 1 Facility A in your answer and demand for jury trial under case |
| 4 | number 2:15-cv-00782 (same case) dated July 18th, 2016?" |
| 5 | <u>RESPONSE TO INTERROGATORY NO. 8</u> |
| 6 | Romero supplemented his response to explain that although his attorney |
| 7 | erroneously admitted to Romero's being present at Facility A, building 1 on March |
| 8 | 6, 2015, (Tartaglio Decl., Ex. C), he has since moved to correct that error. (See |
| 9 | ECF No. 91) (moving to amend answer). |
| 10 | Romero's supplemental response adequately addresses the interrogatory. Plaintiff's |
| 11 | motion to compel a further response will be denied. |
| 12 | <u>INTERROGATORY NO. 9 TO ROMERO</u> |
| 13 | "Do you currently claim that you were not present and when did this change and how did |
| 14 | this change please explain thoroughly? (regarding 4-6-15 incident in building 1 Facility A |
| 15 | control booth)." |
| 16 | <u>RESPONSE TO INTERROGATORY NO. 9</u> |
| 17 | Romero supplemented his response to this interrogatory for the same reasons |
| 18 | discussed with respect to interrogatory 8. |
| 19 | Again, Romero's response is adequate and he will not be compelled to respond further. |
| 20 | **C. Requests for Admissions to Defendant La** |
| 21 | <u>REQUEST NO. 1</u> |
| 22 | "Admit you withdrew your argument that you were not in building 1 Facility A on 3-6-15 |
| 23 | and that you didn't deny Mr. Williams medical care in your Summary Judgment dated |
| 24 | August 4th, 2020." |
| 25 | <u>RESPONSE TO REQUEST NO. 1</u> |
| 26 | La maintains that he was not present at building 1 on March 6, 2015. |
| 27 | La has adequately responded to Request No. 1. Plaintiff's motion to compel a further |
| 28 | response will be denied. |

REQUEST NO. 4

"Admit you claimed an officer that look like you with same last name was the person involved in 3-6-15 denied of medical care of Mr. Williams and it wasn't you."

RESPONSE TO REQUEST NO. 4

La supplemented his response to clarify that to the extent that Williams is asking him to admit or deny any allegations about his brother, he is not able to do so. Therefore, La did not admit or deny whether his brother "denied medical care" to Williams.

The court finds La's response appropriate and will not compel a further response.

REQUEST NO. 5

"Admit Mr. Williams filed a previous civil action on you for you violating his civil rights."

RESPONSE TO REQUEST NO. 5

La states that after his counsel searched Westlaw for cases involving Williams and La, he found one - Williams v. Arnold et al., 2:15-cv-00782-JAM-DB (E.D. Cal.).

This court finds no basis to compel La to respond further.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 164) is denied.

2. Within five days of the filed date of this order, defendant Chuksorji shall re-serve plaintiff with a copy of the November 18, 2022 Motion for Summary Judgment by placing it in the U.S. Mail to plaintiff's address of record.

3. Within forty-five days of the filed date of this order, plaintiff shall file an opposition to defendant Chuksorji's motion for summary judgment. Plaintiff is warned that if he is filing his opposition by sending it to the court through the U.S. Mail, he must place it in the mail so that it arrives at the court for filing on or before forty-five days from the date of this order. Any reply shall be filed within the time set out in Local Rule 230(l).

4. Discovery is closed. Any further dispositive motions shall be filed within forty-five days of the filed date of this order.

Dated: March 9, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/will1884.sts and mtc 4 2022