UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>           Plaintiff,<br><br>    v.<br><br>ROMERO, et al.,<br><br>           Defendants. | No.  2:17-cv-1884 TLN DB P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983.  Plaintiff alleges defendants Romero and Zuniga violated his Eighth Amendment rights when they closed a mechanical door on him and refused to release him.  Plaintiff further claims all defendants violated his Eighth Amendment rights when they denied him medical care.

      Herein, this court addresses two issues before issuing the pretrial order to set this case for trial.  First, on September 8, 2023, this court ordered the parties to file pretrial statements.  Plaintiff's statement was due February 23 and defendants on March 8, 2024. (ECF No. 195.)  While defendants filed a timely statement (ECF No. 196), plaintiff did not file one until March 27 (ECF No. 198), after defendants pointed out plaintiff's failure to file.  Plaintiff identities the March 27 filing as a "Second Pretrial Statement."  Plaintiff contends that he did place a first pretrial statement in the mail in a timely manner.  He provides a copy of a Proof of Service dated

////

February 20, 2024 that lists both the court and Deputy Attorney General Kuchinsky as recipients. (ECF No. 198 at 2.)

Defendants filed a response to plaintiff's pretrial statement. (ECF No. 200.) Among other things, they point out that the Proof of Service dated February 20 cannot be correct because Deputy Attorney General Kuchinsky did not begin representation of defendants until early March. As of February 20, plaintiff had been provided no information that Kuchinsky would be involved. This court further notes that plaintiff dates his Second Pretrial Statement February 20, 2024, which does not make sense because he contends that is the date of the first pretrial statement.

Defendants contend plaintiff's Proof of Service is fabricated. and ask the court to strike plaintiff's Second Pretrial Statement and order plaintiff to show cause why this case should not be dismissed. Plaintiff's vehement protestations that the Proof of Service was prepared in good faith (see ECF No. 201) are not particularly credible. Nonetheless, this court does not find a severe penalty, such as dismissal of this action, appropriate at this time. Nor will the court strike plaintiff's Second Pretrial Statement. That said, plaintiff is warned that the court does not take false statements lightly and his credibility is important to these proceedings.

The second outstanding issue is defendants' request to supplement their expert witness list with Michael Orlandi, a prison maintenance mechanic. (See ECF No. 196 at 14-15.) Because trial has not been set and this court can provide plaintiff the opportunity to conduct discovery regarding Mr. Orlandi, defendants' request will be granted. Defendants shall serve plaintiff with a report from Mr. Orlandi by June 20, 2024. Plaintiff may conduct any discovery related to Mr. Orlandi until July 23, 2024.

For the forgoing reasons, and good cause appearing, IT IS HEREBY ORDERED that

1. Defendants' request that the court strike plaintiff's Second Pretrial Statement and order plaintiff to show cause why this case should not be dismissed (ECF No. 200) is denied.
2. Defendants' request to supplement their expert witness list with Michael Orlandi (ECF No. 196) is granted. By June 20, 2024, defendants shall serve plaintiff with a copy of Mr. Orlandi's report.

3. Plaintiff may conduct any discovery related to Mr. Orlandi until July 23, 2024.

Dated: May 29, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/will1884.pre pto